■ JOHN KENNA, Appellant, v NEW YORK MUTUAL UNDERWRITERS et al., Respondents.—In an action, *inter alia,* to recover damages for breach of an insurance contract, the plaintiff appeals from (1) stated portions of an order of the Supreme Court, Orange County (Hickman, J.), dated October 17, 1990, which, *inter alia,* (a) granted the cross motion of the defendant William A. Volpe Corporation for summary judgment dismissing the complaint insofar as it is asserted against it for lack of personal jurisdiction, (b) granted the cross motion of the defendant New York Mutual Underwriters for summary judgment dismissing the second cause of action, and (c) directed that depositions proceed in the order they were noticed, and (2) an order of the same court dated December 13, 1990.

Ordered that the order dated October 17, 1990, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order dated December 13, 1990, is dismissed as abandoned; and it is further,

Ordered that the respondents New York Mutual Underwriters and William A. Volpe Corporation are awarded one bill of costs.

Sometime during the summer of 1988 the plaintiff's summer home sustained water damage. After reviewing the claim forwarded to it by the defendant Wettlin Agency, Inc., the insurance agent through which the plaintiff purchased his policy, the defendant New York Mutual Underwriters (hereinafter NYMU) engaged the defendant William A. Volpe Corporation (hereinafter Volpe) on November 14, 1988, to investigate the claim and to report back to it. Clarence B. Childers visited the house on Volpe's behalf and on or about December 7, 1988, and issued a report in which he indicated (1) that the roof through which the offending water had leaked had been previously opened by the plaintiff and his nephew as part of certain repair and replacement work, and had been ineffectively covered with plastic sheeting, and (2) that eight weeks had passed before the damage claim was made, the delay being occasioned by the plaintiff's unwillingness to take time off from work to appraise the damage and report to his agent. Thereafter, by letter dated December 9, 1988, NYMU notified the plaintiff that it would not honor his claim. NYMU cited policy exclusions barring coverage where a notice of claim is not timely provided and where the insured neglected to use all reasonable means to preserve covered property.

On December 15, 1988, the plaintiff wrote to Volpe, enclosing NYMU's letter disclaiming coverage and demanding that Volpe correct alleged misstatements it may have made to the insurer. The plaintiff also referred to NYMU's correspondence as "discriminat[ing] against the individual insured in that they are designed to intimidate him for the purpose of the involuntary conversion of monies due him." He alleged that "[t]he commission of criminal acts by those who are engaged in performing activities to settle insurance claims, such as those that have evidently caused the issuance of the enclosed letter is almost exclusive to the area of dealings with the individual policyholder, to the exclusion of the claims made by corporations and other entities". Copies of the plaintiff's correspondence to Volpe were sent to NYMU, the New York State Insurance Department, the Warwick police department, and the American Civil Liberties Union.

NYMU responded to the plaintiff's statements by informing

the plaintiff, in a letter January 10, 1989, that legal action against him in the form of a defamation suit was under consideration and would be pursued if any further defamatory statements were made which it deemed damaging to its reputation. Thereafter, the plaintiff brought the instant action in May 1990.

The Supreme Court properly granted summary judgment and dismissed the action against Volpe for lack of personal jurisdiction. Volpe submitted proof in admissible form that it received a copy of the summons and complaint by ordinary mail. The plaintiff admitted service by ordinary mail. Dismissal on this ground was therefore proper (see, CPLR 311; Business Corporation Law §§ 304-307; CPLR 3211 [a][8]; 3212; Zuckerman v City of New York, 49 NY2d 557). As to the second cause of action claiming damages from NYMU's "false statements", the only facts alleged in support of that claim are the two pieces of NYMU correspondence previously described, to wit, the Volpe report based upon the observations of Clarence B. Childers, and NYMU's letter dated January 10, 1989. Whether this cause of action may be read as sounding in defamation or prima facie tort, a one-year limitations period bars the claim (see, CPLR 215 [3]; Clark v New York Tel. Co., 41 NY2d 1069, 1070). Moreover, the two communications enjoyed a qualified privilege because of the interest NYMU and the plaintiff had in the subject matter contained therein, and the plaintiff has failed to come forward with any proof that these writings were motivated by malice (see, Liberman v Gelstein, 80 NY2d 429; Stukuls v State of New York, 42 NY2d 272, 278-279; Licitra v Faraldo, 130 AD2d 555).

Finally, under the circumstances of this case, we cannot conclude that the Supreme Court improvidently exercised its discretion in refusing to alter the normal priority of depositions (see, CPLR 3106; Siegel, NY Prac § 354). Rosenblatt, J. P., Lawrence, Eiber and Copertino, JJ., concur.