■ PERRY STRONG, Appellant, v BI-LO WHOLESALERS, Respondent. [698 NYS2d 738] —Graffeo, J. Appeal from an order of the Supreme Court (Harris, J.), entered August 21, 1996 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff, an inmate at Sing Sing Correctional Facility in Westchester County, commenced this action sounding in negligence and products liability against defendant, a domestic corporation. After joinder of issue, defendant moved for summary judgment dismissing the complaint for lack of personal jurisdiction. Supreme Court granted defendant's motion which prompted this appeal by plaintiff.

Plaintiff initially argues that personal jurisdiction over defendant was obtained by service of process pursuant to CPLR 311 (a) (1). Because process under this statute must be personally delivered to an authorized person, the mailing of the summons and complaint to defendant was ineffectual (*see*, CPLR 311 [a] [1]; *Kenna v New York Mut. Underwriters*, 188 AD2d 586; *Lakeside Concrete Corp. v Pine Hollow Bldg. Corp.*, 104 AD2d 551, *affd* 65 NY2d 865). Additionally, personal jurisdiction was not secured by virtue of CPLR 312-a in light of the fact that plaintiff failed to enclose two copies of a statement of service by mail and an acknowledgment of receipt in the format as required by the statute (*see*, CPLR 312-a [d]; *Nagy v John Heuss House Drop In Shelter for the Homeless*, 198 AD2d 115). The record further reveals that an acknowledgment was not returned to plaintiff (*see*, CPLR 312-a [b]; *Dominguez v Stimpson Mfg. Corp.*, 207 AD2d 375; *Matter of Shenko Elec. v Hartnett*, 161 AD2d 1212).

Finally, plaintiff's assertion that he effected service through the Secretary of State pursuant to Business Corporation Law § 306 (b) is also unavailing. To achieve service, section 306 (b) requires personal delivery to the Secretary of State of duplicate

copies of the summons and complaint, together with the statutory fee. Here, defendant established that it did not receive process and there is no indication in the record that plaintiff served the Secretary of State in conformance with Business Corporation Law § 306 (b). Rather, it is apparent that plaintiff's papers were returned to him by the Department of State because they were served by mail and were not accompanied ·by the mandatory fee.

Mercure, J. P., Crew III, ·Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.