■ RALPH OYAGUE, Appellant, v STEVEN O. SCHWARTZ, M.D., P.C., Respondent, et al., Defendant. [940 NYS2d 686]—

Lahtinen, J. Appeal from an order of the Supreme Court (LaBuda, J.), entered June 25, 2010 in Sullivan County, which, among other things, denied plaintiff's motion for a default judgment against defendant Steven O. Schwartz, M.D., P.C.

Plaintiff, a prison inmate, brought a motion dated November 2, 2009, requesting that Supreme Court grant him permission to serve defendants by registered mail, return receipt requested, a summons and complaint sounding in medical malpractice. At the same time, plaintiff also served a copy of this motion, with the summons and complaint attached, on defendants by certified mail, return receipt requested. On November 17, 2009, plaintiff commenced this action by filing the summons and complaint in the Sullivan County Clerk's Office. By decision and order dated December 28, 2009, the court granted plaintiff's motion. Plaintiff thereafter mailed a copy of that order to defendants by regular mail, but failed to serve the summons and complaint. Nonetheless, defendant Mount Vernon Hospital filed a verified answer and plaintiff then moved for an order seeking, among other things, a default judgment against defendant Steven O. Schwartz, M.D., P.C. for failing to respond. Schwartz cross-moved seeking dismissal of the complaint due to plaintiff's failure to effect service in the manner directed by the December 2009 order. The court denied both motions,* resulting in this appeal by plaintiff.

---

* Supreme Court denied Schwartz's cross motion seeking to dismiss the complaint for failure to comply with CPLR 306-b on the basis that plaintiff's 120 days to serve the complaint, when tolled due to the parties' various motions, had not yet run.

We affirm. To be entitled to a default judgment, plaintiff was required to submit, among other things, proof of proper service of process, including the summons and complaint (*see* CPLR 3215 [f]; *Wilber Natl. Bank v F & A Inc.*, 301 AD2d 706, 707 [2003]). Here, the record confirms that plaintiff did not file his summons and complaint with the County Clerk *prior* to serving Schwartz as required by statute (*see* CPLR 304 [c]; 305 [a]; 306-a; *Goldenberg v Westchester County Health Care Corp.*, 16 NY3d 323, 326 [2011]), nor did he follow the procedures for service directed in Supreme Court's order. Accordingly, the motion for a default judgment against Schwartz was properly denied.

The remaining contentions raised by plaintiff are either without merit or not properly before us at this stage of the litigation.

Mercure, A.P.J., Spain, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.