*979 OPINION OF THE COURT
Linda S. Jamieson, J.
Defendant brings this motion to dismiss the complaint based on several different grounds, including lack of jurisdiction and a forum selection clause, among others.* This is a $10,000 case involving a long-term relationship between a Florida-based recruiting firm (defendant) and its New York-based client (plaintiff).
Plaintiff served the summons and complaint by overnight mail by sending it, via Federal Express, to defendant, a Nevada corporation, at its registered agent’s mailing address in Florida. This was the only form of service. (According to plaintiffs affidavit of service, it served the summons and complaint upon defendant pursuant to CPLR 2103 [b] [6], a section which pertains only to motion papers. This is plainly an error.)
Defendant moves to dismiss the complaint for lack of jurisdiction because of this overnight mail service. Plaintiff argues that Federal Express service of the summons and complaint is allowed because of one sentence in a 1996 First Department case, Colucci & Umans v 1 Mark (224 AD2d 243, 243 [1996]). That four-sentence decision states, in relevant part, that “[s]ervice of the summons and complaint by Federal Express on the corporate defendant’s registered agent was proper (CPLR 311 [1]).” There is no explanation of the facts in the case.
The statutory citation in the above quote is to former CPLR 311 (1), a predecessor statute to the present CPLR 311 (the relevant section of which is section 311 [a] [1]). However, as the McKinney’s 1990 Practice Commentary to CPLR 311 (1) states, “[t]he service envisioned under CPLR 311(1) upon a corporate officer is in-hand, service upon the specified officer.” (Joseph M. McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C311:1 at 379 [1990 ed] [emphasis added].) Why the Colucci Court made the statement that it did is, quite frankly, inexplicable. Indeed, in discussing the Colucci case, McKinney’s warns that
“[u]nless the registration permitted such service (in *980 which case service was made pursuant to the terms of that registration and not pursuant to N.Y. C.P.L.R. 311(a)(1)), this decision appears to be of questionable validity and should not be followed. In particular, plaintiffs’ attorneys should assume that N.Y. C.P.L.R. 311(a)(1) requires in-hand service on one of the individuals listed in that paragraph.” (1 West’s McKinney’s Forms Civil Fractice Law and Rules § 2:60 [l] [2013] [emphasis added].)
This court can speculate about many reasons why the Colucci Court might have made the singular statement that it did— perhaps the defendant in that case had agreed to accept service; perhaps the Court had previously issued an order allowing service by Federal Express, for example — but speculation is not appropriate here. The fact is that CPLR 311 (a) (1), the present statute, sets forth only three different ways to serve a corporation such as defendant: (1) by delivery to “an officer, director”; (2) pursuant to Business Corporation Law § 306; and (3) pursuant to Business Corporation Law § 307. There is no question that plaintiff did not use either provision of the Business Corporation Law. That means that the only way that plaintiff attempted to serve defendant is via delivery to an officer. The issue is whether “delivery” requires personal or in-hand delivery.
This court, after reviewing all of the precedent and commentary available, determines that “delivery” does, in fact, require that the summons and complaint be handed to an actual authorized officer, director or other person set forth in the statute. (See e.g. Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 142 [1986] [“service on a corporation through delivery of process to the Secretary of State is not ‘personal delivery’ to the corporation”]; Lakeside Concrete Corp. v Pine Hollow Bldg. Corp., 104 AD2d 551, 552 [2d Dept 1984] [“Since the process in the instant case was not personally delivered to Mr. Muchnick, a corporate officer,. . . service was not effectively made upon the defendant corporations” (emphasis added)]; Morgenthau v Avion Resources Ltd., 11 NY3d 383, 391 [2008] [service proper where “(p)laintiff served corporate defendants by personal delivery to an authorized representative in Brazil under CFLR 311 (a) (1)” (emphasis added)]; Perez v Garcia, 8 Misc 3d 1002[A], 2005 NY Slip Op 50902[U], *3 [Sup Ct, Bronx County, May 23, 2005] [“The service envisioned under CFLR § 311(1) upon a corporate officer is in-hand service upon the specified officer” (emphasis added)].)
*981 The commentary to CPLR 311 explains that “[a]side from service under the Business Corporation Law, CPLR 311(a)(1) requires personal delivery to the particular representative being served on behalf of the corporation.” It goes on to state that “[a]s in the case of personal delivery to an individual defendant, the general rule under CPLR 311(a)(1) is that the process server must tender process directly to an authorized corporate representative.” (Vincent C. Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C311:1 [emphasis added].) This means that overnight mailing the summons and complaint via Federal Express is inadequate.
The court notes that there is case law from the Second Department holding that service by mail upon a corporation is insufficient to confer jurisdiction. (See e.g. Kenna v New York Mut. Underwriters, 188 AD2d 586 [2d Dept 1992] [no jurisdiction where service was by mail]; see also Strong v Bi-Lo Wholesalers, 265 AD2d 745, 745 [3d Dept 1999] [“Because process under (311 [a] [1]) must be personally delivered to an authorized person, the mailing of the summons and complaint to defendant was ineffectual”].)
For all of the above reasons, the court finds that there is no basis under CPLR 311 (a) (1) for plaintiff to have served defendant by sending the summons and complaint only by Federal Express. The court holds that service is invalid, and dismisses the action without prejudice.
Before plaintiff commences another action, the parties might want to see if they can resolve this case, given the small amount at stake.

 Plaintiff argues that the court should deny the motion because it was filed on the 62nd day after service of the answer, which is two days late. Defendant states that it served the motion two days late because it wanted to wait until the preliminary conference, which was on the 62nd day (it served the motion that same day). Since the court has the discretion to extend the time pursuant to CPLR 3211 (e), the court does so. Denying the motion because of two days’ delay would cause an undue hardship.