■ SHIRLEY A. BROWN, Appellant, v MIDROX INSURANCE COMPANY, Respondent. [970 NYS2d 108]—

Peters, P.J. Appeal from an order of the Supreme Court (Mc-

Grath, J.), entered March 6, 2012 in Columbia County, which, among other things, granted defendant's cross motion to dismiss the complaint.

Plaintiff owns a rental property in Columbia County, for which she purchased a landlords policy of insurance from defendant. On January 7, 2009, the property sustained damage and plaintiff thereafter submitted a claim to defendant. Defendant determined the actual cash value of the loss and, in February 2009, plaintiff accepted payment. In April 2010, plaintiff submitted a supplemental claim to defendant, which was denied as untimely.

Plaintiff commenced this action and defendant answered, asserting, among other defenses, lack of personal jurisdiction. Plaintiff moved for a default judgment following defendant's counsel's late arrival to a preliminary conference. Defendant opposed and cross-moved to dismiss the complaint. Supreme Court denied plaintiff's motion, granted defendant's cross motion and dismissed the complaint for lack of personal jurisdiction.* Plaintiff appeals.

Inasmuch as plaintiff failed to serve defendant in the manner required by law, Supreme Court properly granted defendant's cross motion and dismissed the complaint. Plaintiff did not effect personal service on defendant (*see* CPLR 311 [a] [1]; *Strong v Bi-Lo Wholesalers*, 265 AD2d 745, 745 [1999]), nor did she effect service pursuant to the requirements of the Business Corporation Law (*see* Business Corporation Law § 306 [b] [1]). Furthermore, although plaintiff mailed the summons and complaint to defendant, she failed to, among other things, include the required statements of service by mail and acknowledgment of receipt with her mailing. Thus, her attempt at service did not satisfy the alternative requirements of CPLR 312-a (*see* CPLR 312-a [a]; *Clarke v Smith*, 98 AD3d 756, 756 [2012]; *Matter of Maddox v State Univ. of N.Y. at Albany*, 32 AD3d 599, 600 [2006], *lv denied* 8 NY3d 803 [2007], *appeal dismissed* 8 NY3d 978 [2007]; *Hilaire v Dennison*, 24 AD3d 1152, 1152

---

* Although not raised before Supreme Court or before this Court on appeal, we note that defendant should have cross-moved for summary judgment rather than cross-moving to dismiss following the service of its answer. We will accordingly treat the motion as one for summary judgment (*see* CPLR 3211 [c]). While the parties would ordinarily be "entitled to notice that the motion will be accorded summary judgment treatment" (*Kavoukian v Kaletta*, 294 AD2d 646, 647 [2002]), that notice is unnecessary here given that "it is clear from the papers that no prejudice [will] result[ ] from omission of notice" (*Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County*, 63 NY2d 100, 103 [1984]; *see Rich v Lefkovits*, 56 NY2d 276, 283 [1982]).

[2005]; *Strong v Bi-Lo Wholesalers*, 265 AD2d at 745). Plaintiff's pro se status and defendant's actual notice of the action provide no basis for a different result (*see Matter of Maddox v State Univ. of N.Y. at Albany*, 32 AD3d at 600; *Goldmark v Keystone & Grading Corp.*, 226 AD2d 143, 144 [1996]).

Furthermore, in light of the foregoing, Supreme Court's denial of plaintiff's motion for a default judgment was also proper. As is relevant here, "[o]n any application for judgment by default, the applicant shall file proof of service of the summons and the complaint" (CPLR 3215 [f]; *see Oyague v Steven O. Schwartz, M.D., P.C.*, 93 AD3d 1044, 1045 [2012], *lv dismissed* 19 NY3d 1014 [2012]), which plaintiff failed to do.

Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.