Valdevieso v Professional Group Plans, Inc. (2020 NY Slip Op 51280(U))

[*1]

Valdevieso v Professional Group Plans, Inc.

2020 NY Slip Op 51280(U) [69 Misc 3d 135(A)]

Decided on October 29, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 29, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-1790 S C

Ruth Valdevieso, Appellant,
against
Professional Group Plans, Inc., Respondent.

Ruth Valdevieso, appellant pro se.
Farrell Fritz, P.C. (Kevin P. Mulry and Paige D. Bartholomew of counsel), for respondent.

Appeal from an order of the District Court of Suffolk County, First District (John P.
Schettino, J.), entered October 8, 2019. The order granted defendant's motion to dismiss the
complaint.

ORDERED that the order is affirmed, without costs.
Plaintiff commenced this action in July of 2019 seeking to recover the principal sum of
$5,000, alleging that defendant Professional Group Plans, Inc. failed to pay commissions that
were due plaintiff. The affidavit of service stated that, on July 26, 2019, service was made only
via the U.S. Postal Service at defendant's actual place of business at 1225 Wireless Blvd. #200,
Hauppauge, New York 11788 and indicated "Personal and Confidential" on the envelope.
Defendant moved to, among other things, dismiss the complaint, pursuant to CPLR 3211,
asserting lack of jurisdiction. In addition to the affidavit of service, defense counsel relied on the
envelope in which the complaint was sent, noting that it was sent by certified mail, return receipt
requested. Defense counsel argued that the affidavit of service does not indicate that the mailing
included "two copies of a statement of service by mail and acknowledgment of receipt, and a
[*2]return envelope, postage prepaid, addressed to the sender."
Counsel also noted that the affidavit does not indicate that service of process was effectuated
through the Secretary of State. In opposition, plaintiff failed to address the jurisdictional issue.
The District Court granted defendant's motion and dismissed the complaint.
Defendant, a corporation, established that it had not been served personally by plaintiff
pursuant to CPLR 311 (a) (1) in that the summons and complaint had not been served on an
officer, director, managing or general agent, or cashier or assistant cashier or other agent
authorized to receive service (see Strong v Bi-Lo Wholesalers, 265 AD2d 745 [1999];
Kenna v New York Mut. Underwriters, 188 AD2d 586 [1992]), or by service upon the
Secretary of State pursuant to Business Corporation Law § 306. The affidavit of service
further did not demonstrate that plaintiff had properly served defendant pursuant to CPLR 312-a
(see CCA 403), as the summons and complaint were served by certified mail and plaintiff
did not establish an acknowledgment by defendant of receipt of the summons and complaint,
which signed acknowledgment in accordance with CPLR 312-a constitutes proof of service (see Klein v Educational Loan Servicing,
LLC, 71 AD3d 957 [2010]; see also Dominguez v Stimpson Mfg. Corp., 207
AD2d 375 [1994]).
In view of the foregoing, proper service upon defendant was never effectuated and, thus,
plaintiff failed to acquire personal jurisdiction over defendant (see Klein v Educational Loan Servicing,
LLC, 71 AD3d 957; Dominguez v Stimpson Mfg. Corp., 207 AD2d 375; Gateway Med., P.C. v Progressive Ins.
Co., 30 Misc 3d 144[A], 2011 NY Slip Op 50336[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2011]). Consequently, defendant's motion to dismiss the complaint was
properly granted.
Accordingly, the order is affirmed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 29, 2020