Auto Lead Pro, Inc. v Santa Motors, Inc. (2020 NY Slip Op 51279(U))

[*1]

Auto Lead Pro, Inc. v Santa Motors, Inc.

2020 NY Slip Op 51279(U) [69 Misc 3d 135(A)]

Decided on October 29, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 29, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., JERRY GARGUILO, ELIZABETH H.
EMERSON, JJ

2019-1715 N C

Auto Lead Pro, Inc., Respondent,
against
Santa Motors, Inc., Appellant. 

Forsyth, Howe, O'Dwyer, Kalb & Murphy, P.C. (Sandford R. Shapiro of counsel), for
appellant.
The Nathanson Law Firm, LLP, for respondent (no brief filed).

Appeal from an order of the District Court of Nassau County, First District (Robert E. Pipia,
J.), entered September 11, 2019. The order granted defendant's motion to dismiss the complaint
to the extent of setting the matter down for a hearing limited to the issue of whether the parties
had entered into an agreement.

ORDERED that the appeal is dismissed.
Plaintiff commenced this action for breach of contract and upon an account stated to recover
the balance due under an alleged agreement to provide defendant with information regarding
prospective customers, as well as attorney's fees in accordance with the agreement. The
agreement provided by plaintiff contains a forum selection clause that designated Nassau County,
New York, as the venue for disputes between the parties relating to the agreement. Defendant
moved to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction,
alleging that defendant had no minimum contacts with Nassau County permitting the
constitutional exercise of jurisdiction and that defendant had never entered into such an
agreement with plaintiff. By order entered September 11, 2019, the District Court granted [*2]defendant's motion to the extent of setting the matter down for a
hearing limited to the issue of whether the parties had entered into the alleged agreement.
Defendant appeals from this order. Following the hearing, the court denied defendant's motion to
dismiss the complaint in an order dated October 23, 2019.
As the September 11, 2019 order directing a hearing to aid in the disposition of defendant's
motion to dismiss—from which order defendant appeals—did not decide the
motion and did not affect a substantial right, the order is not appealable as of right (see
UDCA 1702 [a] [2]; Stewart v County of Nassau, 120 AD2d 516, 516 [1986];
Matter of Manufacturers Hanover Trust Co. v Porcelli, 111 AD2d 175, 175 [1985]; Citibank, N.A. v S & J Inzlicht,
Inc., 8 Misc 3d 134[A], 2005 NY Slip Op 51174[U] [App Term, 2d Dept, 2d &
11th Jud Dists 2005]). Furthermore, no appeal lies from the intermediate order as the right to
appeal therefrom terminated when the District Court rendered the October 23, 2019 order
denying defendant's motion (see Matter of Aho, 39 NY2d 241, 248 [1976]; Wheeler v McCreight, 34 Misc 3d
144[A], 2012 NY Slip Op 50143[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2012]). 
Accordingly, the appeal is dismissed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 29, 2020