■ In the Matter of DONALD SCHANBARGER, Appellant, v BARBARA BLUM, as New York State Commissioner of Social Services, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Cerrito, J.), entered March 24, 1982 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to annul a determination of the New York State Commissioner of Social Services. In the present proceeding, petitioner seeks to annul a determination of the New York State Commissioner of Social Services in which it was concluded, *inter alia,* that he had failed to establish his eligibility for public assistance. Following commencement of this proceeding, respondent moved to dismiss petitioner's application on several grounds including the failure of petitioner to serve the Attorney-General as required by CPLR 7804 (subd [c]). This subdivision requires that in a proceeding such as the present one against a State officer pursuant to CPLR article 78 commenced by a notice of petition, the notice of petition must be served upon the Attorney-General (CPLR 7804, subd [c]). In opposition to the motion to dismiss, petitioner argued, as he does on this appeal, that CPLR 7804 (subd [c]) is unconstitutional and, therefore, service on the Attorney-General is unnecessary. Special Term dismissed petitioner's application on the ground that he failed to serve the notice of petition on the Attorney-General. This appeal ensued. An act of the Legislature is presumed to be constitutional and that presumption can only be upset by proof persuasive beyond a reasonable doubt (*Hotel Dorset Co. v Trust for Cultural Resources of City of N. Y.,* 46 NY2d 358, 370). A review of petitioner's arguments concerning the constitutionality of CPLR 7804 (subd [c]) reveal them to be without merit and insufficient to require further comment or discussion. Since it is clear that CPLR 7804 (subd [c]) required service of the notice of petition on the Attorney-General in the present proceeding and equally clear that no such notice was served by petitioner herein, we are of the view that Special Term properly

dismissed petitioner's application. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Yesawich, Jr., JJ., concur.