■ In the Matter of FRANK SCHENCK, Appellant, v STATE TAX COMMISSION OF THE STATE OF NEW YORK, Respondent.— Main, J. Appeal from a judgment of the Supreme Court at Special Term (Cobb, J.), entered July 31, 1984 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for lack of jurisdiction.

To challenge a determination of respondent, petitioner sought to commence a CPLR article 78 proceeding. To do so, petitioner, without a notice of petition and without service on the Attorney-General, served a petition upon respondent, which then moved to dismiss for lack of jurisdiction. Special Term granted the motion and dismissed the petition. An appeal from the judgment entered thereon was apparently taken, although the record does not include any notice of appeal therefrom. Meanwhile, petitioner attempted to cure any jurisdictional error and mailed a copy of the petition, with a notice of petition, to respondent and the Attorney-General. Respondent again moved to dismiss and Special Term granted the motion, concluding that service by ordinary mail without an order to show cause authorizing such method of service was insufficient to acquire jurisdiction over respondent. From the judgment entered thereon, petitioner appeals.

Petitioner claims that his failure to serve the Attorney-General did not deprive the court of jurisdiction because service was eventually made and that his service of the petition without a notice of petition should not cause dismissal. These contentions do not warrant reversal of Special Term's judgment. Regardless of whether the Attorney-General was eventually served, the fact remains that petitioner's failure to serve a notice of petition or an order to show cause in lieu thereof together with the petition precludes jurisdiction over respondent (*Matter of New York State Rest. Assn. v Board of Stds. & Appeals,* 19 AD2d 912; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7804:3, p 505). Likewise, petitioner's attempt to cure the improper service by sending, through ordinary mail, a notice of petition and petition was ineffective (*see, Matter of Upstate Milk Coops. v State of New York Dept. of Agric. & Markets,* 101 AD2d 940, 941, *lv denied* 63 NY2d 604; *Matter of Johnson v New York State Employees' Retirement Sys.,* 90 AD2d 573, 574). Accordingly, the petition was properly dismissed.

Judgment affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.