■ In the Matter of WILLIAM BELL, Appellant, v STATE UNIVERSITY OF NEW YORK AT STONY BROOK et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the President of the State University at Stony Brook, dated September 5, 1989, which suspended the petitioner from his position as Security Officer at the University, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Jones, J.), entered May 13, 1990, which granted the respondents' motion to dismiss the petition for lack of personal jurisdiction.

Ordered that the order and judgment is affirmed, with costs.

The petitioner commenced the instant proceeding by order to show cause and petition. The order to show cause directed, *inter alia,* that personal service be made "upon the respondent, the State University of New York at Stony Brook, John Marburger, President". The petitioner concedes that he did not effect personal service and, instead, sent the order to show cause to the respondents by express mail.

Pursuant to CPLR 304 a special proceeding is commenced and *jurisdiction acquired* by service of a notice of petition or order to show cause. Pursuant to CPLR 403 (d) the court may issue "an order to show cause to be served, in lieu of a notice of petition at a time and *in a manner specified therein*" (emphasis supplied). Accordingly, the mode of service provided for in the order to show cause is jurisdictional in nature and must be literally followed (*see,* CPLR 304, 403 [d]; *Matter of Bruno v Ackerson,* 51 AD2d 1051, *affd* 39 NY2d 718). Therefore, the petitioner's failure to effect personal service deprived the court of personal jurisdiction over the respondents.

We have considered petitioner's other contentions and find them to be without merit. Thompson, J. P., Harwood, O'Brien and Santucci, JJ., concur.