■ In the Matter of HAROLD ROSENBERG, Appellant, v NEW YORK STATE BOARD OF REGENTS et al., Respondents. [768 NYS2d 404]—

Kane, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered February 5, 2002 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Petitioner commenced this CPLR article 78 proceeding to challenge respondent Commissioner of Education's order implementing respondent Board of Regents' determination denying petitioner's most recent application for restoration of his license to practice osteopathic medicine. Supreme Court granted respondents' motion to dismiss for lack of personal jurisdiction based on improper service. We affirm.

Petitioner, proceeding pro se, failed to personally serve any

respondents, including the Commissioner. Petitioner attempted to serve the Commissioner by sending through certified mail a notice of petition and exhibits, without the petition. This attempt to effect service upon a state officer or agency was insufficient and jurisdictionally defective (*see* CPLR 307 [2]; 403 [b], [c]; *Matter of Dello v Selsky*, 135 AD2d 994, 995 [1987]; *see also Matter of Grover v Wing*, 246 AD2d 813, 814 [1998]). In addition, petitioner's failure to personally serve a copy of the notice of petition on the Attorney General's office as required by CPLR 7804 (c) requires dismissal (*see Matter of Schanbarger v Blum*, 90 AD2d 665 [1982], *lv denied* 58 NY2d 603 [1982]). Petitioner's attempt to cure this improper service by mailing a copy of the notice of petition to the Attorney General's office was ineffective (*see Matter of Schenck v State Tax Commn.*, 112 AD2d 517, 517 [1985]). Hence, Supreme Court properly dismissed the petition for lack of personal jurisdiction (*see* CPLR 3211 [a] [8]).

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.