In the Matter of SHAHID M. SIDDIQUI, Appellant, v DEPARTMENT OF SOCIAL SERVICES, SUPPORT COLLECTION/ENFORCEMENT UNIT et al., Respondents. [776 NYS2d 525]—

Peters, J. Appeal from a judgment of the Supreme Court (Rumsey, J.), entered January 7, 2003 in Cortland County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for lack of jurisdiction.

By this CPLR article 78 proceeding, petitioner sought to challenge, among other things, a determination made by the New York City Support Collection Unit. Although petitioner appeared on the return date, none of the respondents appeared or filed opposition papers. Supreme Court dismissed the petition after determining that petitioner failed to effectuate proper service

and, therefore, obtain personal jurisdiction over respondents. Petitioner appeals and we affirm.*

In a CPLR article 78 proceeding, service may be made "by first class mail, postage prepaid, [with] a copy of the . . . notice of petition and petition, together with two copies of a statement of service by mail and acknowledgment of receipt . . . with a return envelope, postage prepaid" (CPLR 312-a [a]). Here, petitioner mailed both his petition and notice of petition by certified mail, rather than first class mail. He further failed to include an acknowledgment of receipt or a self-addressed postage paid envelope for its return. Moreover, despite Supreme Court's reference to the proper statutory citations for effectuating proper service in this proceeding when it declined to sign petitioner's proposed order to show cause, petitioner failed to comply with CPLR 403, thereafter serving the wrong party under CPLR 311 (a) (2).

Nor do we find error in Supreme Court's failure to extend the time for service under CPLR 306-b either upon good cause or in the interest of justice where, as here, no application was made for such relief (compare *Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 104-105 [2001]; *City of Albany v Wise*, 298 AD2d 783, 784 [2002]). With no basis to disturb the determination rendered (see *Strong v Bi-Lo Wholesalers*, 265 AD2d 745, 745 [1999]) "since personal jurisdiction is a prerequisite to the court's exercise of its discretionary authority" (*Matter of Lamb v Mills*, 296 AD2d 697, 699 [2002], *lv denied* 99 NY2d 501 [2002]), we affirm.

Crew III, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

* Petitioner's subsequent motion for reconsideration was denied.