CHRISTOPHER HILAIRE, Appellant, v ROBERT DENNISON, as Chair of the New York State Board of Parole, et al., Respondents. [807 NYS2d 432]—

Appeal from an order of the Supreme Court (Teresi, J.), entered May 24, 2005 in Albany County, which granted defendants' motion to dismiss the complaint.

On January 21, 2005, plaintiff filed a summons and complaint in the Albany County Clerk's office seeking to challenge a determination denying him parole release. Defendants and the Attorney General's office received a copy of the summons and complaint with exhibits by certified mail. Defendants then moved to dismiss the complaint for lack of personal jurisdiction. Supreme Court granted the motion and this appeal ensued.

We affirm. It is undisputed that plaintiff did not comply with the service requirements of CPLR 307 (2) either by personally delivering the summons to defendants or by mailing the summons to defendants and personally delivering a copy of the same to the office of the Attorney General (see CPLR 307; see e.g. Matter of Rosenberg v New York State Bd. of Regents, 2 AD3d 1003, 1004 [2003]). Plaintiff also did not follow the alternative procedure to personal service set forth in CPLR 312-a, as he did not include with the papers he attempted to serve by mail a "statement of service by mail and acknowledgement of receipt" (CPLR 312-a [a]; see e.g. Matter of Siddiqui v Department of Social Servs. Support Collection/Enforcement Unit, 7 AD3d 941, 942 [2004]). His delivery of the documents to state prison officials where he was incarcerated was clearly insufficient. Therefore, we find that Supreme Court properly dismissed the complaint for lack of personal jurisdiction.

Cardona, P.J., Crew III, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.