■ In the Matter of LINDA G. NELSON MADDOX, Appellant, v STATE UNIVERSITY OF NEW YORK AT ALBANY et al., Respondents. [819 NYS2d 605]—

Mercure, J. Appeal from a judgment of the Supreme Court (Canfield, J.), entered March 7, 2005 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Following a hearing before the Committee on Student Conduct at respondent State University of New York at Albany (hereinafter SUNY), the Committee found that petitioner, a doctoral student, had engaged in disruptive conduct and recommended that she be placed on disciplinary probation until she graduated. The Office of Judicial Affairs adopted the recommendation and, in January 2002, that decision was affirmed on administrative appeal. Thereafter, the Committee held a second hearing on an unrelated complaint. Upon the Committee's further finding of disruptive conduct, the Office of Judicial Affairs

expelled petitioner. That determination was again upheld on administrative appeal in March 2003. The panel, however, informed petitioner that her expulsion would be revisited if she could demonstrate that she had "sought a psychological evaluation and successfully participated in any prescribed treatment for a period of one year."

In March 2004, petitioner requested reconsideration or, in the alternative, that she be granted an extension to comply with the conditions of the March 2003 determination. The Office of Judicial Affairs denied this request on March 19, 2004, finding that petitioner failed to adequately comply with the prescribed conditions. Consequently, on July 16, 2004, petitioner commenced this CPLR article 78 proceeding seeking restoration as a SUNY student and dismissal of the disciplinary charges against her. Supreme Court granted respondents' motion to dismiss the petition and petitioner now appeals.

We affirm. Petitioner acknowledges that she failed to comply with any of the alternative procedures for service set forth in CPLR 307 and 312-a, having merely sent the notice of petition and petition to the individual respondents and the Attorney General by regular mail (*see* CPLR 403 [c]; *Hilaire v Dennison,* 24 AD3d 1152, 1152 [2005]; *Matter of Rosenberg v New York State Bd. of Regents,* 2 AD3d 1003, 1004 [2003]). Thus, petitioner failed to serve SUNY. Moreover, there is no evidence that petitioner obtained judicial approval for an alternative method of service upon any of the other respondents (*see e.g. Matter of Houston v Goord,* 270 AD2d 543, 544 [2000]). Accordingly, Supreme Court properly dismissed the petition for lack of personal jurisdiction. Contrary to petitioner's arguments, neither her pro se status nor the fact that respondents may have received actual notice justifies a different result (*see Goldmark v Keystone & Grading Corp.,* 226 AD2d 143, 144 [1996]; *Matter of Gerdts v State of New York,* 210 AD2d 645, 646 [1994], *appeal dismissed* 85 NY2d 856 [1995], *lv denied* 85 NY2d 810 [1995]). Finally, even if personal jurisdiction had been obtained, we note that petitioner's challenges to the January 2002 and March 2003 determinations were untimely (*see* CPLR 217 [1]; *Matter of Boston Culinary Group, Inc. v New York State Olympic Regional Dev. Auth.,* 18 AD3d 1103, 1104-1105 [2005], *lv denied* 5 NY3d 712 [2005]; *Matter of Harford Taxpayers for Honest Govt. v Town Bd. of Town of Harford,* 252 AD2d 784, 786 [1998]).

Petitioner's remaining arguments, to the extent that they are properly before us, have been considered and found to be lacking in merit.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.