■ In the Matter of ANTHONY M. CORRENTI, Appellant, v SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE, Respondent. [824 NYS2d 382]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Suffolk County District Attorney which denied the petitioner's request pursuant to the Freedom of Information Law (Public Officers Law art 6) for a certain photograph introduced as an exhibit to the grand jury in a matter entitled *People v Correnti*, under Suffolk County indictment No. 211/01, the petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Pitts, J.), dated April 15, 2005, as denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The petitioner, an inmate at the Clinton Correctional Facility, mailed an unsigned order to show cause, a verified petition, an application for poor person relief, and other supporting papers to the Clerk of the Supreme Court, Suffolk County (hereinafter the Clerk). The papers were received on January 23, 2004, and again on March 19, 2004, and the case was assigned an index number on or about January 30, 2004. The unsigned order to show cause was filed with the Clerk on October 25, 2004, and was thereafter signed by a justice of the Supreme Court on November 8, 2004. The order to show cause authorized service of the petition and other supporting papers "by certified mailing return receipt requested . . . by November 30, 2004." The petitioner concedes that he failed to serve the papers by certified mail. Instead, he sent the papers by regular mail.

The respondent argued that the proceeding should be dismissed on the grounds that it was time-barred pursuant to CPLR 217 (1) and that the petitioner failed to comply with the service provisions of the order to show cause. The Supreme Court dismissed the proceeding on the ground that it was time-barred. We affirm the dismissal, but on the ground that the petitioner failed to comply with the service provisions of the order to show cause.

A proceeding pursuant to CPLR article 78 must be commenced within four months after the determination to be reviewed becomes "final and binding upon the petitioner" (CPLR 217 [1]). Under the commencement by filing system, a special proceeding is "commenced by filing a petition" (CPLR 304). Filing means the delivery of the petition to the clerk of the court in the county where the proceeding is brought along with payment of the requisite fee (*see* CPLR 304). Upon the filing of a petition, "an index number shall be assigned" (CPLR 306-a). Here, an index number was assigned on or about Janu-

ary 30, 2004. Thus, contrary to the Supreme Court's determination, the proceeding was timely commenced (*see Matter of Grant v Senkowski*, 95 NY2d 605, 609 [2001]).

Nevertheless, we find that the proceeding was properly dismissed. In the order to show cause, the petitioner was directed to serve the respondent by certified mail. Instead, he served the respondent by regular mail. Pursuant to CPLR 403 (d), "[t]he court may grant an order to show cause to be served, in lieu of a notice of petition *at a time and in a manner specified therein*" (emphasis added). "Accordingly, the mode of service provided for in the order to show cause is jurisdictional in nature and must be literally followed" (*Matter of Bell v State Univ. of N.Y. at Stony Brook*, 185 AD2d 925 [1992]; *see Matter of Jones v Dennison*, 30 AD3d 952 [2006]; *Matter of Siddiqui v Department of Social Servs. Support Collection/Enforcement Unit*, 7 AD3d 941 [2004]; *cf. Matter of Maddox v State Univ. of N.Y. at Albany*, 32 AD3d 599 [2006]). The petitioner's pro se status entitles him to no greater rights in this respect than those of any other litigant, and he "cannot use such status to deprive [the respondent] of the same rights as other [respondents]" (*Goldmark v Keystone & Grading Corp.*, 226 AD2d 143, 144 [1996], quoting *Brooks v Inn at Saratoga Assn.*, 188 AD2d 921 [1992]). Santucci, J.P., Mastro, Fisher and Dillon, JJ., concur.