■ In the Matter of Satwant Singh Garcha, Appellant, v City Court (City of Beacon) et al., Respondents. [833 NYS2d 611]—

In a proceeding pursuant to CPLR article 78, inter alia, purportedly to reverse a judgment of the City Court of the City of Beacon (Timothy G. Pagones, J.), rendered October 26, 2004, convicting the petitioner of one count of unlawfully failing to obey a traffic-control device in violation of Vehicle and Traffic Law § 1110 (a) and § 1111 (d) (1), the petitioner appeals from judgment of the Supreme Court, Dutchess County (Brands, J.), dated July 18, 2005, which dismissed the proceeding.

Ordered that the judgment dated July 18, 2005 is affirmed, with one bill of costs.

The petitioner commenced the present CPLR article 78 proceeding to challenge his conviction, by the City Court of the City of Beacon, sued herein as City Court (City of Beacon) (hereinafter the City Court), of one count of unlawfully failing to obey a traffic-control device in violation of Vehicle and Traffic

Law § 1110 (a) and § 1111 (d) (1). He contended, inter alia, that the City Court and the City of Beacon Police Department violated certain of his constitutional rights in prosecuting and convicting him. The petitioner sought, among other things, reversal of the judgment of conviction, as well as recovery of various costs.

The Supreme Court properly dismissed the proceeding on the grounds of lack of personal jurisdiction. CPLR 307 governs personal service upon the State of New York as well as its officers and agencies, including courts of the State Unified Court System such as the City Court (*see* NY Const, art VI, § 1 [a]). In relevant part, the statute provides that service upon the state shall be made by delivering process to the Attorney General or to an assistant attorney general, within the state (*see* CPLR 307 [1]). Personal service upon a state officer sued in an official capacity or upon an agency, "which shall be required to obtain personal jurisdiction" over those parties, is made by "delivering the summons to such officer or to the chief executive officer of such agency or to a person designated by such chief executive officer to receive service" or "mailing the summons by certified mail, return receipt requested, to such officer or to the chief executive officer of such agency, and by personal service upon the state" (CPLR 307 [2]). Here, the plaintiff served his petition only by regular mail (*see Matter of Maddox v State Univ. of N.Y. at Albany*, 32 AD3d 599, 600 [2006]).

Accordingly, the Supreme Court properly determined that it lacked personal jurisdiction over the City Court.

We note that, in any event, a proceeding pursuant to CPLR article 78 generally does not lie to review errors claimed to have occurred in a criminal proceeding or to challenge a judgment of conviction rendered by a criminal court (*see Matter of Lipari v Owens*, 70 NY2d 731, 733 [1987]; *Matter of Hennessy v Gorman*, 58 NY2d 806, 807 [1983]; *Matter of Lewis v Moskowitz*, 149 AD2d 419, 420 [1989]). Rather, such a challenge must be made by way of a direct appeal of the judgment of conviction (*see* CPL 450.10 [1]; 450.60 [3]; 470.15 [1]). Inasmuch as the petitioner unsuccessfully prosecuted an appeal of his judgment of conviction to the Appellate Term (*see People v Garcha*, 10 Misc 3d 136[A], 2005 NY Slip Op 52130[U] [2005]), there is no ground upon which that judgment may be collaterally attacked by way of a proceeding pursuant to CPLR article 78.

The petitioner's remaining contentions are without merit. Rivera, J.P., Skelos, Angiolillo and Balkin, JJ., concur.