In the Matter of TERENCE FINNAN, Petitioner, v KEVIN
RYAN, as Acting Justice of the Supreme Court, et al., Respondents. [855 NYS2d 726]—

Rose, J. (1) Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to, among other things, compel respondent Kevin Ryan to authorize petitioner to issue subpoenas to certain witnesses and to extend the number of days allotted for trial in an underlying matrimonial action, and (2) motion to direct said respondent to recuse himself from presiding over the underlying matrimonial action.

Dissatisfied with rulings issued in a matrimonial action and another action in Essex County, petitioner commenced this CPLR article 78 proceeding purporting to seek from this Court a writ in the nature of mandamus compelling respondent Kevin Ryan, an Acting Justice of the Supreme Court, and respondent Vito Caruso, a Justice of the Supreme Court and Administrative Judge for the Fourth Judicial District, to, among other things, follow state and federal law, authorize petitioner to issue subpoenas, and halt the criminal and unethical conduct allegedly occurring in their courts. Petitioner advises that he has withdrawn his request for relief against respondents Andrew Wylie, who is his former attorney, and respondent Mark Powers, an Acting Supreme Court Justice.

The proceeding must be dismissed as against Ryan and Caruso because petitioner failed to personally serve them as required by CPLR 307 and 7804 (c). While CPLR 307 permits service upon a state officer sued in an official capacity by "mailing the summons by certified mail, return receipt requested, to such officer," personal service upon the state is also mandated (CPLR 307 [2]; see CPLR 7804 [c]). To complete such service, petitioner was required to deliver his notice of petition and other papers to an Assistant Attorney General (see CPLR 307 [1]; 403 [b], [c]). The record indicates that petitioner, proceeding pro se, sent his papers to Ryan and Caruso by certified mail, but the affidavit purporting that service was made upon the Attorney General does not indicate the name of the person served or that the recipient was an Assistant Attorney General. Thus, petitioner's attempt to effect service was insufficient and the proceeding as to Ryan and Caruso is dismissed as jurisdictionally defective (see CPLR 307 [2]; Matter of Rosenberg v New York State Bd. of Regents, 2 AD3d 1003, 1004 [2003]; Calco v State of New York, 165 AD2d 117, 119 [1991], lv denied 78 NY2d 852 [1991]).

Inasmuch as no relief is requested against the remaining respondents, the proceeding is dismissed as to them as well (*see e.g. Matter of Finch, Pruyn & Co. v Kearns*, 282 AD2d 858, 859 n [2001]; *Matter of Bamond v Regan*, 98 AD2d 896, 896 [1983]). Finally, without personal jurisdiction over Ryan, petitioner's motion requesting an order directing Ryan to recuse himself in the underlying matrimonial action cannot be reviewed.

Mercure, J.P., Spain, Lahtinen and Kavanagh, JJ., concur. Adjudged that the petition is dismissed, without costs. Ordered that the motion is dismissed, without costs.