██ In the Matter of RAFAELA ORTIZ, Petitioner, v STATE OF NEW YORK OFFICE OF CHILDREN AND FAMILY SERVICES et al., Respondents. [886 NYS2d 820]—Proceeding pursuant to CPLR article 78 to review two determinations of the respondent State of New York Office of Children and Family Services, one dated August 29, 2007, which, after a hearing, denied the petitioner's application to amend and seal a report maintained in the New York State Central Register of Child Abuse and Maltreatment,

and the other dated September 24, 2007, which, after a hearing, affirmed the determination of the respondent Seamen's Society for Children and Families to remove Maria R., Gabriel T., and Jesse T. from the petitioner's foster care home.

Adjudged that the proceeding is dismissed, without costs or disbursements.

The petitioner commenced this CPLR article 78 proceeding to review determinations of the respondent State of New York Office of Children and Family Services (hereinafter OCFS) which, on August 29, 2007, denied her application to amend and seal a report maintained in the New York State Central Register of Child Abuse and Maltreatment and, on September 24, 2007, affirmed the determination of the respondent Seamen's Society for Children and Families to remove Maria R., Gabriel T., and Jesse T. from the foster care home of the petitioner. In its answer, OCFS asserted that the proceeding should be dismissed for lack of jurisdiction on the ground that the petitioner failed to obtain personal jurisdiction over it. The Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g) without addressing the jurisdictional issue.

Initially, we note that the Supreme Court should have disposed of the jurisdictional issue prior to transferring the proceeding to this Court (see CPLR 7804 [g]; Matter of Baker v Chief of N.Y. City Tr. Police Dept., 232 AD2d 632 [1996]). Nonetheless, we reach the issue in the interest of judicial economy (see Matter of Coleman v Town of Eastchester, 39 AD3d 855, 856 [2007]).

The petitioner failed to serve OCFS and, therefore, never acquired personal jurisdiction over a necessary party (see Social Services Law § 422 [1], [5], [8]; Matter of Wittie v State of N.Y. Off. of Children & Family Servs., 55 AD3d 842, 843 [2008]; Matter of Bell v State Univ. of N.Y. at Stony Brook, 185 AD2d 925 [1992]). Therefore, the proceeding must be dismissed (see Matter of Correnti v Suffolk County Dist. Attorney's Off., 34 AD3d 578, 580 [2006]; Bell v State Univ. of N.Y. at Stony Brook, 185 AD2d at 925). Skelos, J.P., Florio, Balkin and Leventhal, JJ., concur.