■ In the Matter of Frederic C. Carpenter, Appellant, v Michael Corcoran, Superintendent, Cayuga Correctional Facility, et al., Respondents. [903 NYS2d 291]—

Appeal from a judgment (denominated order) of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered September 29, 2009 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of the New York State Department of Correctional Services (DOCS) calculating the sentences he received for three convictions. Two of the sentences were indeterminate terms of imprisonment, and the third was a determinate term of imprisonment that included a period of postrelease supervision (PRS). In accordance with the directive of the sentencing court, DOCS calculated the three terms of imprisonment to run concurrently. Contrary to the contention of petitioner, however, DOCS properly determined that the period of PRS would commence upon his release from imprisonment and would not run concurrently with the other two sentences of imprisonment. Indeed, Penal Law § 70.45 (5) (a) expressly provides that a period of PRS shall not commence to run until an individual has been released from imprisonment. Petitioner further challenges the sentencing proceeding, contending that he is entitled to be resentenced because

Supreme Court did not adequately explain the PRS portion of his determinate sentence to him when he entered the underlying pleas of guilty. That challenge is not properly before us, inasmuch as "a proceeding pursuant to CPLR article 78 generally does not lie to review errors claimed to have occurred in a criminal proceeding or to challenge a judgment of conviction rendered by a criminal court . . . Rather, such a challenge must be made by way of a direct appeal of the judgment of conviction" (*Matter of Garcha v City Ct. [City of Beacon]*, 39 AD3d 645, 646 [2007]; *see Matter of Hennessy v Gorman*, 58 NY2d 806 [1983]). Present—Smith, J.P., Fahey, Lindley, Sconiers and Green, JJ.