Appeal from a judgment of the Supreme Court (Lawliss, J.), entered August 8, 2012 in Clinton County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.
Petitioner, a prison inmate, commenced this CPLR article 78 proceeding challenging his underlying conviction. Supreme Court dismissed the petition, concluding that petitioner’s challenges were not properly raised in a CPLR article 78 proceeding. Inasmuch as “[a]n article 78 proceeding generally does not lie to review error claimed to have occurred in a criminal proceeding” (Matter of Hennessy v Gorman, 58 NY2d 806, 807 [1983]; see Matter of Carpenter v Corcoran, 75 AD3d 1110, 1111 [2010], lv denied 15 NY3d 712 [2010]), the proceeding was properly dismissed. Clearly, respondent has no authority to vacate the judgment of conviction (see Matter of Reed v Travis, 19 AD3d 829, 830 [2005], lv denied 5 NY3d 708 [2005]), and such challenges must be made by directly appealing the judg *1245 ment of conviction (see CPL 450.10 [1]; 450.60 [3]; 470.15 [1]; Matter of Carpenter v Corcoran, 75 AD3d at 1111). Here, petitioner had a full opportunity to challenge the judgment of conviction on direct appeal and was unsuccessful (People v Rodriguez, 32 AD3d 1203 [2006], lv denied 8 NY3d 849 [2007]), and “there is no ground upon which that judgment may be collaterally attacked by way of a proceeding pursuant to CPLR article 78” (Matter of Garcha v City Ct. [City of Beacon], 39 AD3d 645, 646 [2007]).
Rose, J.P, Stein, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.