■ SHAWN P. KOYACHMAN, Appellant, v PAIGE MANAGEMENT & CONSULTING, LLC, Doing Business as DUNE NIGHTCLUB, Now Known as AXE LOUNGE AT DUNE SOUTHAMPTON, Respondent. [995 NYS2d 114]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), entered November 6, 2013, as denied that branch of his motion which was, in effect, for leave to effectuate service of an order to show cause by a method of personal service pursuant to CPLR 308 other than personal delivery pursuant to CPLR 308 (1).

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the plaintiff's motion which was, in effect, for leave to effectuate service of an order to show cause upon Matt Shendell, the managing member of the defendant, by a method of personal service pursuant to CPLR 308 other than personal delivery pursuant to CPLR 308 (1), is granted.

On May 23, 2013, the Supreme Court entered a judgment in favor of the plaintiff and against the defendant, upon the defendant's failure to appear or answer. Thereafter, on July 23,

2013, and again on August 5, 2013, the plaintiff served an information subpoena upon the defendant by certified mail, return receipt requested (see CPLR 5224 [a] [3]). Upon the defendant's failure to respond to the information subpoena, the plaintiff moved, by order to show cause dated August 28, 2013, to hold the defendant in contempt. The Supreme Court directed the plaintiff to serve the order to show cause upon the defendant by delivering it personally to the defendant's managing member, Matt Shendell, pursuant to CPLR 308 (1). After numerous unsuccessful attempts to deliver the order to show cause to Shendell personally, the plaintiff moved, in effect, for leave to serve Shendell by a different method of personal service pursuant to CPLR 308. The Supreme Court denied that branch of the plaintiff's motion.

As a general matter, an order to show cause must be served at a time and in the manner specified therein (see CPLR 403 [d]; 2214 [d]; see also Matter of Correnti v Suffolk County Dist. Attorney's Off., 34 AD3d 578, 580 [2006]; Matter of Bell v State Univ. of N.Y. at Stony Brook, 185 AD2d 925, 925 [1992]). However, under the particular circumstances of this case, the Supreme Court improvidently exercised its discretion in denying that branch of the plaintiff's motion which was, in effect, for leave to serve Shendell by a method of personal service pursuant to CPLR 308 other than personal delivery. The plaintiff demonstrated that personal delivery upon Shendell pursuant to CPLR 308 (1), as required by the order to show cause, could not be effected despite the exercise of due diligence. Moreover, service pursuant to the other means set forth in CPLR 308 constitutes personal service, and is sufficient here for notice of an application to punish for contempt (see Corpuel v Galasso, 240 AD2d 531, 532 [1997]). Accordingly, that branch of the plaintiff's motion which was, in effect, for leave to serve Shendell by a method of personal service pursuant to CPLR 308 other than personal delivery should have been granted. Dillon, J.P., Dickerson, Roman and Sgroi, JJ., concur.