McCarthy, J.P.
Appeal from a judgment of the Supreme Court (Zwack, J.), entered December 1, 2014 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.
After petitioner did not submit an overdue payment for gas service, National Fuel Gas Distribution Corporation terminated her gas service. Thereafter, and upon receiving notice that petitioner had obtained a Home Energy Assistance Program grant, National Fuel attempted to restore petitioner’s gas service. Petitioner refused National Fuel access to the gas appliances for it to conduct a gas safety check, and, as a result, National Fuel did not restore petitioner’s service. Following petitioner’s complaint and an informal hearing on the issue of whether National Fuel rightfully terminated petitioner’s gas service and unreasonably refused to reconnect said service, a Hearing Officer of respondent Department of Public Service (hereinafter the Department) determined that National Fuel’s disconnection of petitioner’s gas service was proper because she had an outstanding balance and further concluded that the utility’s subsequent refusal to restore that service without an inspection of petitioner’s equipment was in full compliance with the existing regulations and National Fuel’s operating procedures. The Public Service Commission (hereinafter PSC) upheld the Hearing Officer’s determination and then denied petitioner’s request for a rehearing of that determination.
Petitioner then commenced this CPLR article 78 proceeding, challenging the PSC’s two determinations, naming the Depart *1340 ment and one of the PSC’s Commissioners — Patricia L. Acampora — -as respondents. Thereafter, respondents moved to dismiss the petition based on, among other things, lack of personal jurisdiction (see CPLR 3211 [a] [8]) due to improper service of process (see CPLR 307 [2]; 312, 312-a). After answer, Supreme Court dismissed the petition based on, among other things, lack of personal jurisdiction. Petitioner appeals.
Petitioner failed to acquire personal jurisdiction over respondents.* CPLR 307 (2) provides: “Personal service on a state officer sued solely in an official capacity or state agency, which shall be required to obtain personal jurisdiction over such an officer or agency, shall be made by (1) delivering the summons to such officer or to the chief executive officer of such agency or to a person designated by such chief executive officer to receive service, or (2) by mailing the summons by certified mail, return receipt requested, to such officer or to the chief executive officer of such agency, and by personal service upon the state.” CPLR 312 states that personal service upon a commission having a chairperson may be made by delivering the summons to such chairperson. CPLR 312-a (a) permits personal service by mail as an alternative to the methods of personal service authorized by CPLR 312 by serving, via “first class mail, postage prepaid, a copy of the . . . notice of petition and petition, together with two copies of a statement of service by mail and acknowledgement of receipt. . . , with a return envelope, postage prepaid, addressed to the sender.” Failure to comply with any of these alternative methods of service necessitates dismissal for lack of personal jurisdiction (see Matter of Spodek v New York State Commr. of Taxation & Fin., 85 NY2d 760, 766 [1995]; Matter of Rosenberg v New York State Bd. of Regents, 2 AD3d 1003, 1004 [2003]).
Petitioner’s service to respondents with one copy of her pleadings by priority mail failed to satisfy the aforementioned statutory requirements for proper service. Although personal service could be effectuated by certified mail, return receipt requested, addressed to the chair of the PSC, petitioner failed to satisfy these requirements because, among other things, Acampora was not the PSC’s Chair at the time of the commencement of this proceeding. Given that petitioner failed to effect service and acquire personal jurisdiction over respondents/the PSC, Supreme Court properly dismissed the petition for lack of personal jurisdiction (see CPLR 3211 [a] [8]; Matter of Maddox *1341 v State Univ. of N.Y. at Albany, 32 AD3d 599, 600 [2006], lv denied 8 NY3d 803 [2007], appeal dismissed 8 NY3d 978 [2007]; Matter of Rosenberg v New York State Bd. of Regents, 2 AD3d at 1004). Petitioner’s remaining contentions are without merit.
Egan Jr., Rose, Lynch and Aarons, JJ., concur.
Ordered that the judgment is affirmed, without costs.

 The PSC treats petitioner as having properly named it as a respondent by naming the Department (of which the PSC is a part), and we do the same for the purposes of this analysis.