Matter of Randolph v Office of The N.Y. State Comptroller (2019 NY Slip Op 00167)





Matter of Randolph v Office of The N.Y. State Comptroller


2019 NY Slip Op 00167


Decided on January 10, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 10, 2019

524257

[*1]In the Matter of DAVID L. RANDOLPH, Appellant,
v
OFFICE OF THE NEW YORK STATE COMPTROLLER et al., Respondents.

Calendar Date: December 12, 2018

Before: Lynch, J.P., Clark, Mulvey, Devine and Rumsey, JJ.


David L. Randolph, White Plains, appellant pro se.
Letitia James, Attorney General, Albany (William E. Storrs of counsel), for respondents.



MEMORANDUM AND ORDER
Lynch, J.P.
Appeal from a judgment of the Supreme Court (Maney, J.), entered October 26, 2016 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.
Petitioner's application for disability retirement benefits was denied by the Comptroller following a hearing. Petitioner, acting pro se, sought to challenge this determination by commencing a CPLR article 78 proceeding. He sent the notice of petition, verified petition and supporting documents by certified mail to respondent Office of the New York State Comptroller, the Office of the Attorney General and the Supreme Court in Albany County. He did not, however, personally deliver these documents to an Assistant Attorney General or to the Attorney General (see CPLR 307 [1]). Consequently, respondents moved to dismiss the proceeding for lack of personal jurisdiction. Supreme Court granted the motion, and this appeal by petitioner ensued.
We affirm. Having failed to obtain an order to show cause authorizing service by mail in lieu of personal service (see CPLR 403 [d]), petitioner used the certified mail method to effectuate service upon the Comptroller (see CPLR 307 [2]; 403 [c]). This method requires that the pleadings be sent by certified mail, return receipt requested, to the Comptroller and that they also be served upon the State of New York by personally delivering them to an Assistant Attorney General or to the Attorney General (see CPLR 307 [1], [2]; 403 [c]; 7804 [c]; see also Matter of Finnan v Ryan, 50 AD3d 1306, 1306 [2008]; Hilaire v Dennison, 24 AD3d 1152, 1152 [2005]). The record discloses that petitioner did not personally deliver the notice of petition, verified petition, and other documents to an Assistant Attorney General or to the Attorney General. Given this jurisdictional defect, Supreme Court properly dismissed the petition, and the merits of the underlying determination are not before us (see Matter of Maddox v State Univ. of [*2]N.Y. at Albany, 32 AD3d 599, 600 [2006], lv denied 8 NY3d 803 [2007]; Matter of Rosenberg v New York State Bd. of Regents, 2 AD3d 1003, 1004 [2003]).
Clark, Mulvey, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.