Matter of J.R. v State of New York, Dept. of Educ. (2020 NY Slip Op 02834)





Matter of J.R. v State of New York, Dept. of Educ.


2020 NY Slip Op 02834


Decided on May 14, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 14, 2020

528148

[*1]In the Matter of J.R., Appellant,
v
State of New York, Department of Education, et al., Respondents, et al., Respondent.

Calendar Date: March 23, 2020

Before: Egan Jr., J.P., Clark, Devine, Pritzker and Colangelo, JJ. 


J.R., East Moriches, appellant pro se.
Letitia James, Attorney General, Albany (Joseph M. Spadola of counsel), for State of New York, Department of Education and others, respondents.
Guercio & Guercio LLP, Farmingdale (Torrey Chin of counsel), for Remsenburg-Speonk Union Free School District and another, respondents.



Devine, J.
Appeal from a judgment of the Supreme Court (Connolly, J.), entered May 24, 2018 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.
After petitioner's job as a school psychologist was reduced to part time by respondent Remsenburg-Speonk Union Free School District, she filed three appeals to respondent Commissioner of Education. The Commissioner issued a 2017 determination that consolidated the appeals and dismissed them as both procedurally and substantively deficient. Petitioner then commenced this CPLR article 78 proceeding against, among others, the Commissioner and respondent Department of Education (hereinafter collectively referred to as the state respondents). In their answer, the state respondents raised the affirmative defense of lack of personal jurisdiction due to defective service (see CPLR 3211 [a] [8]; [e]; 7804 [c]). Supreme Court determined that petitioner had failed to properly serve the state respondents and that, inasmuch as the Commissioner was a necessary party, the failure to obtain personal jurisdiction over her warranted dismissal of the proceeding in its entirety. Petitioner appeals, and we affirm.
Although petitioner effectuated service upon the Commissioner and the Department of Education (see CPLR 307 [2]; 403 [c]), that service was jurisdictionally defective inasmuch as petitioner failed to further "serve a copy of the notice of petition on the Attorney General's office as required by CPLR 7804 (c)" (Matter of Rosenberg v New York State Bd. of Regents, 2 AD3d 1003, 1004 [2003]; see Matter of Finnan v Ryan, 50 AD3d 1306, 1306 [2008]; Matter of Schanbarger v Blum, 90 AD2d 665, 665-666 [1982], lv denied 58 NY2d 603 [1982]). Contrary to petitioner's contention, her pro se status and the Attorney General's actual awareness of the proceeding do not alter that fact (see Matter of Maddox v State Univ. of N.Y. at Albany, 32 AD3d 599, 600 [2006], lv denied 8 NY3d 803 [2007], appeal dismissed 8 NY3d 978 [2007]). The Commissioner, at a minimum, was a necessary party given that the proceeding was commenced to challenge her 2017 determination (see CPLR 1001 [a]; Matter of Centeno v City of New York, 115 AD3d 537, 537 [2014]; Matter of McNeill v Town Bd. of Town of Ithaca, 260 AD2d 829, 830 [1999], lv denied 93 NY2d 812 [1999]). Thus, as Supreme Court properly concluded, the failure to obtain personal jurisdiction over the Commissioner warranted dismissal of the proceeding in its entirety (see Matter of Finnan v Ryan, 50 AD3d at 1307; Matter of NW Liquidating Corp. v Industrial Bd. of Appeals, 213 AD2d 549, 549-550 [1995]).
Petitioner's remaining arguments, to the extent that they relate to the service issue and are not academic, have been examined and lack merit.
Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.