Matter of Polletta v McLoughlin (2022 NY Slip Op 00178)





Matter of Polletta v McLoughlin


2022 NY Slip Op 00178


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2021-01725

[*1]In the Matter of Steven P. Polletta, petitioner,
v
Edward T. McLoughlin, respondent.


Jonna Spilbor Law, Poughkeepsie, NY (Dorothy B. Trochez of counsel), for petitioner.
Letitia James, Attorney General, New York, NY (Melissa Ysaguirre of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent, Edward T. McLoughlin, a Justice of the Supreme Court, Dutchess County, dated June 17, 2020, which, without a hearing, denied the petitioner's application for a pistol license.
ADJUDGED that the proceeding is dismissed, without costs or disbursements.
In August 2019, the petitioner applied for a license to carry a concealed firearm. On June 17, 2020, the respondent denied the petitioner's application. In March 2021, the petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, to review the determination. In his answer, the respondent asserted, among other things, that the petitioner failed to properly serve the respondent and the Office of the Attorney General with the petition as required by CPLR 307(2). In reply, the petitioner submitted, inter alia, an affidavit of service attesting that the petition was served by Federal Express overnight delivery on the respondent and the Office of the Attorney General.
CPLR 307(2) provides that personal service on a state officer sued solely in his or her official capacity is required to obtain personal jurisdiction over such officer. Personal service on a state officer may be made by, among other things, mailing the summons by certified mail, return receipt requested, to such officer, and by "personal service upon the state," which "shall be made by delivering the summons to an assistant attorney-general at an office of the attorney-general or to the attorney-general within the state" (id. § 307[1], [2]). Here, there is no indication in the record that the petition was personally delivered to an assistant attorney general at the Office of the Attorney General or to the Attorney General (see Matter of Randolph v Office of the N.Y. State Comptroller, 168 AD3d 1195, 1196; see also LaFrance v State of New York, 144 AD2d 911, 912 ["we do not equate Federal Express delivery [to the Attorney General] with personal service"]). Moreover, the mailing of the petition to the respondent by Federal Express overnight delivery was insufficient to satisfy the petitioner's obligation to mail the petition by certified mail, return receipt requested (see CPLR 307[2]; Matter of Garcha v City Ct. [City of Beacon], 39 AD3d 645, 646). Thus, the petitioner's attempt to effect service was insufficient, and the proceeding is jurisdictionally defective (see Matter of Randolph v Office of the N.Y. State Comptroller, 168 AD3d at 1196; Matter of Finnan v Ryan, 50 AD3d 1306).
The petitioner's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we dismiss the proceeding.
DILLON, J.P., CHRISTOPHER, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court