Matter of McCoy v New York State Off. of Children & Family Servs. (2023 NY Slip Op 06252)

Matter of McCoy v New York State Off. of Children & Family Servs.

2023 NY Slip Op 06252

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2021-08590
2021-09076
DECISION, ORDER & JUDGMENT
 (Index No. 80086/19)

[*1]In the Matter of Alisa McCoy, petitioner/appellant,
v
New York State Office of Children and Family Services, et al., respondents/respondents.

Alisa McCoy, Staten Island, NY, petitioner/appellant pro se.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva and Stephen J. Yanni of counsel), for respondents/respondents New York State Office of Children and Family Services and New York State Central Register of Child Abuse and Maltreatment.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Claude S. Platton and Eva L. Jerome of counsel), for respondent/respondent New York City Administration for Children's Services.

Proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Children and Family Services dated May 28, 2019, and appeal by the petitioner from an order of the Supreme Court, Richmond County (Catherine M. DiDomenico, J.), dated November 24, 2021. The determination, after a fair hearing pursuant to Social Services Law § 422(8), denied the petitioner's application to amend and seal two indicated reports maintained by the New York State Central Register of Child Abuse and Maltreatment. The order denied the petitioner's motion for leave to renew the petition.
ORDERED that the appeal is dismissed, as no appeal lies as of right from an order entered in a proceeding pursuant to CPLR article 78 (see id. § 5701[b][1]), and we decline to grant leave to appeal; and it is further,
ADJUDGED that the proceeding is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the New York State Office of Children and Family Services (hereinafter the OCFS) dated May 28, 2019, denying her application to amend and seal two indicated reports made to the New York State Central Register of Child Abuse and Maltreatment (hereinafter the Central Register). In their answer, OCFS and the Central Register (hereinafter together the State [*2]respondents) asserted that the Supreme Court lacked personal jurisdiction over them, since the petitioner failed to timely serve them with the petition. The court transferred the proceeding to this Court pursuant to CPLR 7804(g) without addressing the jurisdictional issue.
Although the Supreme Court should have disposed of the jurisdictional issue prior to transferring the proceeding to this Court, we may reach the issue in the interest of judicial economy (see Matter of Ortiz v State of N.Y. Off. of Children & Family Servs., 66 AD3d 1026, 1027).
In a proceeding "where the applicable statute of limitations is four months or less, service [of the petition with a notice of petition or order to show cause] shall be made not later than fifteen days after the date on which the applicable statute of limitations expires" (CPLR 306-b). "If service is not made upon a [respondent] within the time provided in this section, the court, upon motion, shall dismiss the [proceeding] without prejudice as to that [respondent], or upon good cause shown or in the interest of justice, extend the time for service" (id.).
Here, the State respondents correctly contend that the Court lacks personal jurisdiction over them. It is undisputed that the petitioner did not serve the State respondents within 15 days of the expiration of the 4-month statute of limitations (see id. §§ 217[1]; 306-b). Further, the petitioner did not demonstrate that there was good cause to warrant granting her an extension of time to serve the State respondents, or that an extension was warranted in the interest of justice (see id. § 306-b; Matter of Nelson v New York State Dept. of Motor Vehs., 188 AD3d 692, 693). Accordingly, the proceeding must be dismissed insofar as asserted against the State respondents for lack of personal jurisdiction.
The proceeding also must be dismissed insofar as asserted against the New York City Administration for Children's Services, as it is not a proper party to this proceeding (see Matter of Barnes v New York State Off. of Children & Family Servs., 67 AD3d 787, 787-788; Matter of Wittie v State of N.Y. Off. of Children & Family Servs., 55 AD3d 842, 842-843).
In light of the foregoing, we need not reach the parties' remaining contentions.
DUFFY, J.P., IANNACCI, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court