Matter of Ambrister v Rosa (2024 NY Slip Op 00011)

Matter of Ambrister v Rosa

2024 NY Slip Op 00011

Decided on January 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 4, 2024

536111
[*1]In the Matter of Rhonda Ambrister, on Behalf of R.D., an Infant, Appellant,
v
Betty A. Rosa, as Commissioner of Education, et al., Respondents.

Calendar Date:November 13, 2023

Before:Lynch, J.P., Clark, Ceresia, Fisher and Mackey, JJ.

Brain Injury Rights Group, Ltd., New York City (Peter G. Albert of counsel), for appellant.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondents.

Ceresia, J.
Appeal from a judgment of the Supreme Court (Margaret T. Walsh, J.), entered July 1, 2022 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.
Petitioner is the legal guardian of her niece, a teenage girl with a disability (hereinafter the child). Over the past several years, petitioner and the child have lived at various times in New York City and in the Bahamas. In January 2021, the child's committee on special education notified petitioner that the child was not eligible to attend New York City public schools because she was not a resident of New York City. Petitioner administratively appealed this determination to respondent Commissioner of Education, who dismissed the appeal as untimely. Thereafter, by order to show cause, petitioner commenced the instant CPLR article 78 proceeding.[FN1] Following joinder of issue, petitioner moved to amend the petition and respondents cross-moved to dismiss it, arguing, among other things, that petitioner failed to obtain personal jurisdiction over them. Supreme Court denied petitioner's motion, granted respondents' cross-motion and dismissed the petition for lack of personal jurisdiction, prompting this appeal.
We affirm. Petitioner bears the burden of demonstrating that personal jurisdiction was obtained over respondents (see Cedar Run Homeowners' Assn., Inc. v Adirondack Dev. Group, LLC, 173 AD3d 1330, 1330 [3d Dept 2019]; Matter of Czajka v Dellehunt, 125 AD3d 1177, 1182 [3d Dept 2015]). In a CPLR article 78 proceeding, personal jurisdiction is obtained over a state agency or state officer sued solely in an official capacity by either "(1) delivering [process] to such officer or to the chief executive officer of such agency or to a person designated by such chief executive officer to receive service, or (2) by mailing [process] by certified mail, return receipt requested, to such officer or to the chief executive officer of such agency, and by personal service upon the state in the manner provided by [CPLR 307 (1)]" (CPLR 307 [2]; see Matter of Polletta v McLoughlin, 201 AD3d 723, 724 [2d Dept 2022]; Matter of Randolph v Office of the N.Y. State Comptroller, 168 AD3d 1195, 1196 [3d Dept 2019]). A separate provision of the CPLR requires that the Attorney General be served with a copy of the papers (see CPLR 7804 [c]; Matter of J.R. v State of N.Y., Dept. of Educ., 183 AD3d 1042, 1042-1043 [3d Dept 2020]).
Petitioner has failed to establish that she effectuated proper service. The record reveals that respondents were served only by two-day priority mail, which did not satisfy the requirement of "deliver[y]" under CPLR 307 (2) (1), as it is personal delivery that is mandated (see Matter of Clarke v Smith, 98 AD3d 756, 756 [3d Dept 2012]), nor did it constitute a certified mailing under CPLR 307 (2) (2) (see Matter of Curto v State of N.Y. Dept. of Pub. Serv., 140 AD3d 1339, 1340 [3d Dept 2016], lv denied 28 NY3d 911 [2017]). The record further confirms that the Attorney [*2]General was not served in any fashion prior to the deadline set forth in the order to show cause (see CPLR 7804 [c]). We are unpersuaded by petitioner's argument that she substantially complied with her service obligations. "When the requirements for service of process have not been met, it is irrelevant that . . . [respondents] may have actually received the documents, because notice received by means other than those authorized by statute does not bring a [respondent] within the jurisdiction of the court" (Pierce v Village of Horseheads Police Dept., 107 AD3d 1354, 1355 [3d Dept 2013] [internal quotation marks, brackets and citations omitted]; see Matter of Czajka v Dellehunt, 125 AD3d at 1182). To the extent not specifically addressed herein, petitioner's remaining contentions have been considered and found to be without merit.
Lynch, J.P., Clark, Fisher and Mackey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: The proceeding was originally commenced by petitioner and her husband as legal guardians of the child, but petitioner's counsel advised this Court at oral argument that petitioner's husband recently died. Ordinarily, the death of a party results in a stay of the proceedings and requires substitution of a proper legal representative (see CPLR 1015 [a]; 1021). "Where, however, a party's death does not affect the merits of a case, there is no need for strict adherence to the requirement that the proceedings be stayed pending substitution" (Matter of Giaquinto v Commissioner of N.Y. State Dept. of Health, 91 AD3d 1224, 1225 n 1 [3d Dept 2012] [internal quotation marks, ellipsis and citations omitted], lv denied 20 NY3d 861 [2013]). Under these circumstances, we discern no need to stay the proceedings in order to render a determination.