Matter of Baskerville v New York State Off. of Children & Family Servs. (2025 NY Slip Op 00823)

Matter of Baskerville v New York State Off. of Children & Family Servs.

2025 NY Slip Op 00823

Decided on February 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 13, 2025

Before: Webber, J.P., Kennedy, Friedman, Mendez, Rodriguez, JJ. 

Index No. 151739/23 Appeal No. 3682 Case No. 2024-00216 

[*1]In the Matter of Kevin Baskerville, Petitioner,
v
New York State Office of Children and Family Services, et al., Respondents.

The Gilmer Law Firm PLLC, Brooklyn (George M Gilmer of counsel), for petitioner.
Letitia James, Attorney General, New York (Joshua N. Cohen of counsel), for New York State of Children and Family Services and New York Central Register of Child Abuse and Maltreatment, respondents.
Muriel Goode-Trufant, Corporation Counsel, New York (D. Alan Rosinus, Jr. of counsel), for New York City Administration for Children's Services, respondent.

Determination of respondent New York State Office of Children and Family Services (OCFS), dated April 20, 2023, which, after a hearing, denied petitioner's request to amend, as unfounded, and to seal indicated reports finding maltreatment of his child, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Sabrina Kraus, J.], entered June 20, 2023) dismissed, without costs.
This Court lacks jurisdiction over this proceeding, seeking to reverse a determination by OCFS, because petitioner failed to properly effect service on the Office of the Attorney General (OAG), as required by CPLR 7804(c) (see Matter of Ambrister v Rosa, 223 AD3d 969, 970 [3d Dept 2024]; Matter of J.R. v State of New York, Dept. of Educ., 183 AD3d 1042, 1042-1043 [3d Dept 2020]). Petitioner failed to refute OCFS's assertion that OAG was never personally served with the petition or otherwise establish that he effectuated proper service (see J.R. v State of New York, Dept. of Educ., 183 AD3d 1042).
As only OCFS's determination is at issue, the petition is dismissed as to ACS. Petitioner does not object to ACS's dismissal on this ground (see Matter of Woodley v Poole, 226 AD3d 461, 463 [1st Dept 2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 13, 2025