Matter of Flores-Grgas v New York State Off. of Children & Family Servs. (2025 NY Slip Op 05764)

Matter of Flores-Grgas v New York State Off. of Children & Family Servs.

2025 NY Slip Op 05764

Decided on October 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 21, 2025

Before: Webber, J.P., Friedman, Kapnick, Shulman, Hagler, JJ.

Index No. 100007/24|Appeal No. 4995|Case No. 2024-05700|

[*1]In the Matter of Karina Flores-Grgas, Petitioner-Appellant,

v

New York State Office of Children and Family Services, Defendant-Respondent.

Karina Flores-Grgas, appellant pro se.

Letitia James, Attorney General, New York (David Lawrence III of counsel), for respondent.

Judgment (denominated an order) of the Supreme Court, New York County (Nicholas W. Moyne, J.), entered on or about July 31, 2024, denying the petition to challenge a determination by respondent the New York State Office of Children and Family Services (OCFS) dated May 1, 2023, declining to amend and seal indicated reports maintained by the New York State Central Register of Child Abuse and Maltreatment (SCR), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Petitioner commenced this proceeding to review a determination of OCFS, denying her application to amend three indicated reports made to SCR. OCFS answered the petition, asserting, among other things, that Supreme Court lacked personal jurisdiction over it because petitioner failed to timely serve it with the petition under CPLR 306-b.

CPLR 306-b provides that, in a proceeding "where the applicable statute of limitations is four months or less, service [of the petition with a notice of petition or order to show cause] shall be made not later than fifteen days after the date on which the applicable statute of limitations expires." "If service is not made upon a [respondent] within the time provided in this section, the court, upon motion, shall dismiss the [proceeding] without prejudice as to that [respondent], or upon good cause shown or in the interest of justice, extend the time for service" (id.).

Here, Supreme Court correctly dismissed the petition for lack of personal jurisdiction, as petitioner did not serve OCFS within 15 days of the expiration of the four-month statute of limitations (see CPLR 217[1], 306-b; see also Matter of McCoy v New York State Off. Of Children & Family Servs., 222 AD3d 649, 650 [2d Dept 2023]). Though petitioner's initial article 78 petition was timely, it was dismissed for improper service. Petitioner cannot revive those claims in her subsequent article 78 petition and seek an extension of time to effect service, where the statute of limitations has since expired (see Khedouri v Equinox, 73 AD3d 532, 533 [1st Dept 2010]).

Petitioner also failed to show that there was otherwise good cause to grant her an extension of time to serve OCFS, or that an extension was warranted in the interest of justice (see id. at 532; see e.g. Goldstein Group Holding, Inc. v 310 E. 4th St. Hous. Dev. Fund Corp., 154 AD3d 458 [1st Dept 2017]). OCFS's determination that petitioner is collaterally estopped from disputing the SCR reports has a substantial basis in the record (see Matter of Adalisa R. v New York State Off. of Children & Family Servs., 190 AD3d 436, 436-437 [1st Dept 2021]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: October 21, 2025