In the Matter of HERMAN J. RUBENSTEIN, an Attorney, Respondent.

First Department, December 1, 1922.

**Attorney and client — disciplinary proceedings — attorney who altered affidavit on file, changed date of order requiring defendant to give security for costs, and filed answer with bar association containing falsehoods suspended for three years.**

An attorney whose previous reputation has never been assailed should be suspended from practice for three years, where it appears that he acknowledged that he had altered an affidavit filed in the court upon which an order directing the defendant to give security for costs had been granted, and that he had changed the date of the order, and where it further appears that his answer filed with the bar association in the present proceedings contained deliberate falsehoods.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie,* for the petitioner.

*O'Gorman, Battle, Vandiver & Levy* [*George Gordon Battle* of counsel], for the respondent.

CLARKE, P. J.:

The respondent was admitted to the bar at the November, 1900, term of the Appellate Division, First Department, and has practiced as such attorney since his admission. The petition alleges that the respondent has been guilty of misconduct as an attorney at law as follows: The respondent appeared as attorney for the defendant in an action commenced June 14, 1921, in the Municipal Court by George Barrie's Sons against Lamb Publishing Company. On June 20, 1921, the respondent caused to be served upon the attorney for the plaintiff in the action a paper purporting to be a copy of an affidavit and order directing the plaintiff in said action to give security for costs. This paper purported to be a copy of an order, dated February 18, 1921, signed by Hon. CARROLL D. HAYES, one of the justices of the Municipal Court of the city of New York and the annexed affidavit of Herman J. Rubenstein, verified the 18th day of February, 1921, upon which the order was based. The plaintiff's attorney thereafter served upon the respondent papers in support of a motion to vacate the order on the ground, among others, that it was dated before the commencement of the action and had been granted upon the affidavit of the respondent verified February 18, 1921, several months before the commencement of the action. After the service of the papers in support of this motion the plaintiff's attorney caused an inspection of the

First Department, December, 1922.                    [Vol. 203

original affidavit and order on the files of the court to be made and then ascertained that the original order on file had been signed by the Hon. JOHN HOYER, one of the justices of the Municipal Court and not by Hon. CARROLL D. HAYES, as stated in the copy which had been served upon him. He also ascertained that the respondent's affidavit attached to the original order on file had not been verified or signed. The attorney for the plaintiff in the action thereupon served a notice withdrawing the motion to vacate the order which he had previously served on the respondent and served new motion papers upon him in which he asked that the order be vacated on the ground, among others, that the original order filed June 26, 1921, and dated February 18, 1921, had no verified or signed affidavit annexed thereto. This motion was returnable on July 5, 1921. The plaintiff's attorney attended court on the return day of said motion and when the original order requiring the giving of security for costs and the affidavit upon which it had been granted was then inspected it was found that certain interlineations had been made therein changing the date of the order from February 18, 1921, to June 21, 1921, and changing the recital therein of the date of the affidavit upon which it had been granted from the 18th day of February to the 20th day of June, 1921, and that the original affidavit attached to the order had been altered and changed by adding at the foot thereof the respondent's signature and inserting the name "Alfred Ross" above the words, " Commissioner of Deeds City of New York," and also inserting the words and figures necessary to make it appear that the said affidavit had been verified on the 20th day of June, 1921. All of these changes and alterations in the order and the insertion of the date, the signature of the respondent and the name of the notary in the original affidavit, had been made and inserted by the respondent while the said affidavit and order were in the files of the court without the knowledge of the court or plaintiff's counsel after the papers in support of the motion to vacate the order had been served upon him. When the attorney for petitioner called the respondent's attention to the charges made against him he filed an answer to said charges in which he falsely stated that neither he nor anybody directly or indirectly connected with him or in his office had made any change in the affidavit and order after they were filed in court.

The matter was sent to an official referee who reports: The respondent admits he is guilty of both charges and that he testified: " I put all the ink writings on those two papers that now appear there except the signature of Judge HOYER. * * * Q. You knew that the paper on file was the paper that the judge had signed didn't you? A. Certainly. Q. And you knew that the affidavit

attached to that order was the affidavit on which the court acted when it signed the paper, didn't you? A. Yes, sir. Q. And you knew it was an original file paper? A. Yes, sir. * * * Q. You realized then that an order had been obtained from a court on an affidavit that bore no signature? A. Yes, sir. * * * Q. And you knew that a motion had been made to vacate that order? A. Yes, sir. * * * Q. And knowing all these things you wrote in on the file paper your name and the notary's name? A. Yes, sir."

And as to the second specification he testified as follows: " Q. Is the following statement in your letter of August 27, 1921, petitioner's exhibit 9 correct: ' It was after leaving the court that I first learned the claim that the papers on file were not in the same condition as originally filed? ' Tell the Court if that was correct. A. No, that is not correct, because I knew they were not signed; that is not correct. Q. As to the final paragraph reading as follows: ' Neither I, nor anybody directly or indirectly connected with me or my office made any change in the papers after they were filed;' is that correct? A. No, sir. Q. Did you tell the full facts in this case to your friends and counsel at the time that you prepared that — sent in that letter? A. No, sir, I did not."

And the referee found that the acts of the respondent constituted gross misconduct and found him guilty as charged in the petition.

The surreptitious alteration of filed court papers undoubtedly constitutes gross professional misconduct. The respondent's conduct in filing his answer with the Bar Association containing deliberate falsehoods when his conduct was under consideration by his professional brethren was inexcusable. The illegal alteration of the filed papers and his subsequent false statements in reference thereto undoubtedly constitute the offense of which he has been found guilty. It is fair to state that he did not adhere to these false statements in testifying before the official referee who while finding him guilty as charged added: " The advantage to be obtained by the erroneous acts was trifling, and committed as they were by a lawyer in good standing after twenty years of active practice at the bar must be characterized as stupid, erratic and incomprehensible. No pecuniary damages resulted from the respondent's conduct." He also reports that respondent's reputation as a lawyer had never been assailed until the commencement of this proceeding. A number of commendatory letters have been submitted certifying to the general good character of the respondent. The gravity of the offense, especially taking into consideration that the respondent has been twenty years at the bar, cannot be mini-

First Department, December, 1922.                    [Vol. 203

mized.   The forgery and alteration of papers filed in court upon which legal proceedings are based strikes at the very foundation of judicial action.   Such conduct by a sworn officer of the court cannot be lightly passed over.

After giving due weight to the letters submitted and the lenient conclusion of the official referee we are of the opinion that the respondent should be suspended for three years, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the condition to be incorporated in the order to be entered hereon.

DOWLING, PAGE, MERRELL and FINCH, JJ., concur.

Respondent suspended for three years.   Settle order on notice.