[740 NYS2d 125]

In the Matter of GERARD A. WISLA (Admitted as GERARD AR-
THUR WISLA), an Attorney, Respondent. GRIEVANCE COM-
MITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 8, 2002

### APPEARANCES OF COUNSEL

*Robert P. Guido,* Syosset, for petitioner.

*Robert A. Ungar, P.C.,* Garden City (*Louis Gerstman* of
counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated

November 8, 2000, containing two charges of professional misconduct. After a hearing, the Special Referee sustained both charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate. The respondent cross-moves to confirm in part and disaffirm in part, to the extent of dismissing Charge Two. The respondent requests that any discipline be limited to a censure.

Charge One alleges that the respondent deliberately altered the official records of a court and thereby engaged in conduct prejudicial to the administration of justice and conduct adversely reflecting on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

On August 31, 2000, the case of *G.E. Capital Corp. v Wilson* was scheduled on the official calendar of the Civil Court of New York, Queens County, Special Term, Part I, for a hearing, based upon a prior motion of the defendant to vacate a default. The respondent had agreed to answer the calendar call as a courtesy to the attorney for the plaintiff. The respondent missed the calendar call and neither side appeared. The court's official calendar and its motion cover sheet were duly marked by court personnel with the notation "N/A/E/S," for "no appearance either side."

During a recess, the respondent entered the Special Term, Part I courtroom, took possession of the court's official papers pertaining to that matter, and deliberately altered the motion cover sheet to read "N/A movant," for "no appearance movant." The respondent made the change with knowledge that he was not authorized to do so and that the motion cover sheet was a record which the court would rely upon in rendering its decision.

The respondent later entered the office of the Clerk of the Civil Court, Queens County, and requisitioned the calendar for Special Term, Part I, for that day. The respondent deliberately altered that calendar, changing the notation for the subject matter to read "N/A Movant-Defendant." The respondent made that change with knowledge that he was not authorized to do so and with knowledge that the calendar was a record upon which the court and others would rely.

Charge Two alleges that the respondent repeatedly filed attorney registration forms with the New York State Office of Court Administration, pursuant to Judiciary Law § 468-a and the Rules of the Chief Administrator of the Courts, pursuant to

22 NYCRR part 118, which he knew or should have known contained false statements, and thereby engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

From approximately January 1986 through January 1998, the respondent filed biennial attorney registration statements with the New York State Office of Court Administration which he signed and affirmed as true to the best of his knowledge and belief. Each of those registration statements listed a business address in Hicksville, New York. The respondent knew or should have known that the aforesaid information was false inasmuch as he actually maintained a law office in Queens during those years. At the time the respondent made each statement, he knew that the Hicksville location which he had listed was nothing more than a mail and answering service utilized by him and other unrelated individuals and businesses.

Based upon the respondent's admissions, the testimony, and exhibits received in evidence, the Special Referee properly sustained both charges. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted and the respondent's cross motion is granted to the extent that Charge One is sustained and is otherwise denied.

In determining an appropriate measure of discipline to impose, the respondent submits that the only significant misconduct involved here was his alteration of two court documents. He maintains that the circumstances clearly reflect an absence of venal intent. Reasoning that he was actually present in the courthouse while the opponent on the motion was not, the respondent submits that the pressures of the moment caused him to act precipitously. The respondent submits that "these acts demonstrate a deviation from his usual good sense."

As observed by Special Referee Harwood:

> "[I]t must be remembered that the change in the markings did not affect the outcome of the motion to be decided, since the Clerk's unaltered marking would have resulted in denial of the motion based on the non-appearance of both parties. By the same token, despite Respondent's candor in admitting his misconduct and his convincing expressions of regret and remorse for having so acted in this one instance, it must be remembered that if Respon-

dent had exercised the patience and restraint he should have and waited for an opportunity to speak to the Court attorney and the judge about the situation he might very well have achieved his desired result in a proper manner."

The respondent also asks the Court to consider his pro bono and community activities and his repeatedly expressed remorse in mitigation of his misconduct.

The respondent's disciplinary history consists of a Letter of Admonition, dated May 22, 1991, for neglect of a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]); a Letter of Caution, dated April 10, 1992, directing him to refrain from negotiating third-party checks and deducting fees therefrom unless the authority to do so is confirmed in writing; a Letter of Caution, dated January 16, 1998, directing him to comply with his duty of candor in responding to inquiries from a disciplinary committee; and a Letter of Caution, dated March 18, 1998, directing him to hereafter reach a clear understanding with clients as to the scope of services and to refrain from settling matters without the client's knowledge and consent.

Notwithstanding the absence of harm to any client or litigant and the absence of any personal profit to the respondent by virtue of his misconduct, the respondent's unauthorized alteration of court documents constitutes a significant departure from the conduct expected of attorneys. In view of both the mitigating circumstances and the respondent's disciplinary history, the respondent is suspended from the practice of law for one year.

PRUDENTI, P.J., RITTER, SANTUCCI, FLORIO and FRIEDMANN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to confirm in part and disaffirm in part the Special Referee's report, is granted to the extent that Charge One is sustained and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Gerard A. Wisla, is suspended from the practice of law for a period of one year, commencing May 8, 2002, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof that dur-

ing the said period he (a) refrained from practicing or attempting to practice law, (b) has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), and (c) has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Gerard A. Wisla, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.