■ CARLTON CLARKE, Appellant, v JOSEPH T. SMITH et al., Respondents. [951 NYS2d 241]—

Appeal from an order of the Supreme Court (Melkonian, J.), entered September 28, 2010 in Ulster County, which granted defendants' motion to dismiss the complaint.

In June 2010, plaintiff, an inmate at Shawangunk Correctional Facility in Ulster County, filed the instant summons and complaint alleging deliberate indifference to his medical care by various prison officials. He thereafter attempted to effect service upon defendants Joseph T. Smith and Chang Lee by way of the institutional mail at Shawangunk, and upon defendant Karen Bellamy via regular mail. Defendants thereafter successfully moved to dismiss the complaint for lack of personal jurisdiction and, upon plaintiff's appeal, we now affirm.

Inasmuch as he failed to either (1) personally deliver the summons to defendants, or (2) deliver same to defendants by certified mail in conjunction with personal delivery upon an Assistant Attorney General, there can be no question that plaintiff failed to properly serve defendants in the manner required by law (see CPLR 307 [2]; Hilaire v Dennison, 24 AD3d 1152 [2005]). Nor can it be said that plaintiff's attempts at service satisfied the alternative requirements of CPLR 312-a. Plaintiff improperly delivered the summons and complaint to Smith and Lee by institutional mail and, with regard to Bellamy, his mailing failed to include the required statements of service and acknowledgments of receipt (see CPLR 312-a [a], [d]; Strong v Bi-Lo Wholesalers, 265 AD2d 745, 745 [1999]). Moreover, plaintiff's later attempts to correct service were ineffectual due to his failure to include the summons and complaint in his mailings to defendants (see CPLR 312-a [a]). We note in conclusion that "[w]hen the requirements for service of process have not been met, it is irrelevant that [the] defendant may have actually received the documents" (Raschel v Rish, 69 NY2d 694, 697 [1986]), because "[n]otice received by means other than those authorized by statute does not bring a defendant within the jurisdiction of the court" (Macchia v Russo, 67 NY2d 592, 595 [1986]; see Matter of Gerdts v State of New York, 210 AD2d 645, 646 [1994], appeal dismissed 85 NY2d 856 [1995], lv denied 85 NY2d 810 [1995]).

Plaintiff's remaining arguments have not been preserved for our review.

Mercure, J.P., Lahtinen, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.