██ In the Matter of Keith X., Appellant, v Kristin Y., Respondent. (Proceeding No. 1.) In the Matter of Keith X., Appellant, v Kristin Y., Respondent. (Proceeding No. 2.) [2 NYS3d 268]—

Devine, J. Appeals from two orders of the Family Court of Saratoga County (Jensen, J.), entered June 25, 2014, which, in two proceedings pursuant to Family Ct Act articles 5 and 6, dismissed the petitions.

After petitioner commenced two proceedings to establish paternity and gain joint legal and physical custody of an eight-year-old boy who he alleges is his child, petitioner was unable to effectuate service upon respondent despite numerous attempts to do so. In April 2014, petitioner moved by order to show cause for an order permitting him to resort to court-ordered service of process, pursuant to CPLR 308 (5). Having determined that the circumstances of these proceedings had rendered traditional service on respondent impracticable, Family Court granted petitioner's motion and executed an order establishing specific alternative methods of personal service. However, after having determined that petitioner failed to conform to its prescribed methods of service, Family Court dismissed the petitions without prejudice. Petitioner now appeals both orders of dismissal.

Strict compliance with court-directed methods of service is necessary in order for the court to obtain personal jurisdiction over a respondent/defendant (*see e.g. Pierce v Village of Horseheads Police Dept.*, 107 AD3d 1354, 1355 [2013]; *see also Matter of Sorli v Coveney*, 51 NY2d 713, 714 [1980]). Here, petitioner's counsel drafted and presented Family Court with a proposed order directing service pursuant to CPLR 308 (5). Specifically, the order required that the amended orders to show cause and petitions be served on two attorneys who had represented respondent in unrelated litigation and, further, that substituted service be completed as follows: "2. By serving [respondent] at [two known] email addresses [and] by including with such emails copies of the [p]etitions, this [o]rder, and the [o]rders to show cause filed by [p]etitioner in support of the [p]etitions, in PDF format, each of such emails to be sent on or before April 28, 2014; and 3. By sending [respondent] an SMS/text message at [a known] subscriber number . . . advising her of the pendency of the two above-captioned proceedings and advising her to access her email addresses as set forth in paragraph 2 herein, to review this [o]rder and the contents of the attached PDF files and to contact her attorneys . . . for copies of the [o]rders to show cause and [p]etitions upon whom these papers have been served on her behalf, said text to be sent on or before April 28, 2014."

Despite the fact that petitioner's counsel created the terms upon which substituted service of process would be deemed sufficient, the record demonstrates that petitioner's compliance with such terms was lacking. As to the email requirement, petitioner's affidavit of service states that respondent was served on April 28, 2014 via two separate email addresses, as

per Family Court's order, and that both emails were returned as undeliverable. While neither dictates of due process nor Family Court's order required proof that respondent actually received notice of the proceedings (*see generally Bossuk v Steinberg,* 58 NY2d 916, 918 [1983]; *Dobkin v Chapman,* 21 NY2d 490, 502 [1968]), we observe that the affidavit of email service fails to state that the documents were, in fact, delivered to respondent in a PDF format.

Of greater concern, however, is the manner in which petitioner conducted service by text message. As to that particular mode of delivery, petitioner's process server averred that, on April 28, 2014, he sent respondent a text message stating that "[p]aternity and custody petitions have been filed by [petitioner] regarding [the child]. Your court date in [Family Court] is May 21, 2014 at 9AM. Your failure to appear may result in a custody order and default. Contact [respondent's attorneys] for copies of these documents." Having neglected to state in the text message, as expressly required in Family Court's order, that respondent should access her email accounts to review the documents that had been served in a PDF format by email and that the text message was being sent by virtue of Family Court's order, we agree with Family Court's determination that such substituted service was insufficient to confer personal jurisdiction over respondent (*see Pierce v Village of Horseheads Police Dept.,* 107 AD3d at 1355; *Clarke v Smith,* 98 AD3d 756, 756 [2012]). Accordingly, petitioner's failure to perfect service of process according to the dictates that were clearly articulated in Family Court's order, pursuant to CPLR 308 (5), we conclude that the dismissal of the petitions was required (*see Macchia v Russo,* 67 NY2d 592, 595 [1986]; *see also Matter of Maddox v State Univ. of N.Y. at Albany,* 32 AD3d 599, 600 [2006], *appeals dismissed* 8 NY3d 978 [2007], *lv denied* 8 NY3d 803 [2007]). In light of this disposition, we need not reach petitioner's request that we grant his petitions on default.

McCarthy, J.P., Garry and Clark, JJ., concur. Ordered that the orders are affirmed, without costs.