*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 19, 2015                    519194
_____

In the Matter of PAUL CZAJKA,
    as District Attorney of
    Columbia County,
                    Respondent-
                    Appellant,

        v                                      MEMORANDUM AND ORDER

DAVID A. DELLEHUNT, as Town
    Justice of the Town of
    Kinderhook and Village
    Justice of the Village of
    Kinderhook,
                    Appellant-
                    Respondent,
                    et al.,
                    Respondent.

_____


Calendar Date:  January 6, 2015

Before:  Garry, J.P., Egan Jr., Lynch and Clark, JJ.

                    _____


        Cooper Erving & Savage, LLP, Albany (David C. Rowley of
counsel), for appellant-respondent.

        Paul Czajka, District Attorney, Hudson, pro se, and Powers
& Santola, LLP, Albany (Michael J. Hutter of counsel), for
respondent-appellant.

                    _____


Garry, J.P.

        Cross appeals from a judgment of the Supreme Court (Dowd,
J.), entered August 12, 2013 in Columbia County, which, in a
combined proceeding pursuant to CPLR article 78 and action for

declaratory judgment, granted a motion by respondent David A. Dellehunt to vacate a judgment entered against him and dismissed the petition.

Petitioner is the District Attorney of Columbia County, and respondent David A. Dellehunt (hereinafter respondent) is the Town Justice of the Town of Kinderhook and the Village Justice of the Village of Kinderhook.  In June 2012, an Assistant District Attorney asked respondent to provide petitioner's office with a copy of the electronic recording of proceedings held in Kinderhook Village Court on June 4, 2012.  Respondent promptly denied this request, explaining that the procedure for obtaining a transcript was to request that the Village Court forward the recording to a designated transcriptionist.  Subsequently, an Assistant District Attorney made a written request for respondent to transmit a recording of proceedings held on October 2, 2012 in Kinderhook Town Court to a transcriptionist; in this instance, there was no request for a copy of the recording.  Respondent requested that petitioner identify which of the 88 matters heard on that date he wished to have transcribed, and petitioner advised that he was seeking transcriptions of all cases.  The Clerk of the Kinderhook Town and Village Courts then allegedly began reviewing the recording to identify which cases could be transcribed in compliance with the Criminal Procedure Law.

In late December 2012, by order to show cause, petitioner commenced this combined CPLR article 78 proceeding in the nature of mandamus to compel and declaratory judgment action against respondent in his capacity as Town Justice.  The petition sought an order directing respondent to transmit a recording of Town Court proceedings on October 2, 2012 to a transcriptionist, and to furnish petitioner with copies of such recordings and of "Town Court" proceedings on June 4, 2012.[1]  The petition also sought a declaration that respondent is not precluded by law from providing petitioner's office with copies of recordings of Town Court proceedings.  Supreme Court (Doyle, J.) signed petitioner's

_____

[1]  The reference to Town Court was apparently in error, as there were proceedings conducted in Village Court on this date, but not in Town Court.

order to show cause on Friday, December 21, 2012, directing service to be made by fax and overnight mail by 4:00 p.m. on the following Monday, December 24, 2012, upon respondent in his capacity as Town Justice, the Clerk of the Town Court, and the attorney for the Town of Kinderhook.  Opposing papers were required to be filed and faxed to Supreme Court by 4:00 p.m. on Thursday, December 26, 2012.

The record contains no proof of service.  However, respondent acknowledges that the order to show cause and petition were received by fax at the Town Court, with a cover sheet addressed to respondent and the Clerk, at about 3:14 p.m. on December 21, 2012.  At about 3:27 p.m., a fax was received at the Village Court, likewise directed to respondent and the Clerk.  These papers — an order to show cause and petition — differed from those that had been received at the Town Court in that the handwritten word "Amended" had been added to the documents' titles and the handwritten phrase "as Village Justice" had been added to respondent's designation in the captions.  Respondent alleges that separate express mail packages containing the original and amended documents were received at the Town Court on December 26, 2012 and an unspecified date, and at the Village Court on December 23 and 26, 2012.

Respondent requested an adjournment to permit him to obtain representation and prepare a response, and a representative of petitioner's office advised Supreme Court in writing that petitioner consented to an adjournment.[2]  The court denied this request and, at approximately 5:00 p.m. on the return date of December 26, 2012, issued a written decision granting the petition and directing respondent to transmit a recording of the October 2, 2012 Town Court proceedings to a transcriptionist, and to provide petitioner with copies of recordings of Town Court proceedings on June 4, 2012 and October 2, 2012.

In January 2013, respondent moved by order to show cause to, among other things, vacate the judgment, dismiss the combined

---

[2]  The attorneys for the Town and Village of Kinderhook both had conflicts precluding their representation of respondent.

proceeding and action in its entirety, and impose sanctions upon petitioner.  Supreme Court (Devine, J.) signed the order to show cause and granted a temporary restraining order enjoining petitioner from enforcing the judgment.  In February 2013, Supreme Court (Dowd, J.) granted respondent's motion, vacated the judgment and dismissed the combined action and proceeding based upon lack of personal jurisdiction.  Petitioner and respondent cross-appeal from this judgment.

We must briefly note that during the course of the proceedings, petitioner received a transcript of the October 2012 Town Court proceeding from a transcriptionist.  A matter becomes moot when "a change in circumstances prevents a court from rendering a decision that would effectively determine an actual controversy" (Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 172 [2002]; accord Matter of Kowalczyk v Town of Amsterdam Zoning Bd. of Appeals, 95 AD3d 1475, 1477 [2012]).  Here, actual controversies remain as to petitioner's requests for recordings of the October 2012 and June 2012 proceedings, and as to respondent's request for sanctions.  Further, petitioner alleges that the transcript he received is incomplete and does not fully satisfy his request.  Thus, the cross appeals are not moot, as "the rights of the parties will be directly affected by [their] determination" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]).

We find no merit in petitioner's challenge to the manner in which Supreme Court (Dowd, J.) was assigned by respondent Unified Court System (hereinafter UCS)[3] to hear and determine respondent's motion.  The transfer of an action or proceeding, where necessary due to recusals or other issues, is governed by court rules (see 22 NYCRR 202.3 [c] [5]).  Upon review, we find nothing to demonstrate that the assignment here was improperly made, no indication that either the assignment or the court's subsequent determination of the motion was affected in any manner or degree by UCS's status as an intervenor, and no suggestion of

_____

[3]  UCS was granted permission to intervene and participated in the proceedings in Supreme Court, supporting respondent's position, but is not participating in this appeal.

unfairness or bias (compare Mokay v Mokay, 111 AD3d 1175, 1178
[2013]; Douglas v Douglas, 281 AD2d 709, 710-711 [2001]).

Next, petitioner argues that Supreme Court erred in
dismissing the petition for lack of personal jurisdiction.  In so
doing, the court treated the amended order to show cause and
amended petition as the operative documents, and found that they
were not served in strict compliance with the directions in the
order to show cause, as there was no fax service of the amended
documents upon the Town Court and — in view of the absence of
proof of service and the late arrival of some of the express mail
parcels — no showing that they were timely served by mail.
Accordingly, the court concluded that service was defective.

On appeal, for the first time, petitioner claims that
Supreme Court erred in basing its determination upon the amended
petition and amended order to show cause rather than the original
documents, arguing that the amended documents are "nullit[ies]."
Petitioner states in his brief that after the original order to
show cause and petition had been signed and filed, he served
"what purported to be an amended petition" that had been altered
without court authorization to add the phrase "as Village
Justice" to respondent's designation in the caption.  Petitioner
states that "[t]his was done in the apparent belief that such
capacity was necessary to get full relief."[4]  Petitioner argues
that the alteration had the effect of adding a party — that is,
respondent in his capacity as Village Justice — and that, as he
did not obtain court leave to add a party (see CPLR 401), the
amended petition is a nullity.  Thus, upon this appeal,
petitioner now contends that the original petition is the
operative document, and that Supreme Court erred in basing its
decision upon the amended documents — despite the fact that
petitioner had previously failed to advise the court or the other
parties of the unauthorized amendments and, thus, had held out

---

[4]  Notably, although petitioner acknowledges in his brief
that he served the altered documents, he does not specifically
admit or deny that he made these alterations.  By adopting the
passive voice, he further avoids either fully accepting or
attributing responsibility for performing the underlying actions.

the altered order to show cause and petition as the operative documents throughout the course of those prior proceedings.[5] Now, upon this appeal, arguing that he complied with the service directions in the original unaltered documents, petitioner contends that the combined action and proceeding should not have been dismissed.

We agree with petitioner that the amended petition was rendered a nullity when it was altered to add a new party without obtaining court leave as required by CPLR 401 (see Matter of Barrett v Dutchess County Legislature, 38 AD3d 651, 653 [2007]; Matter of Board of Educ. of Fla. Union Free School Dist. v DePace, 301 AD2d 521, 522 [2003], lv denied 99 NY2d 511 [2003]; Matter of Aries Striping v Hurley, 202 AD2d 578, 578 [1994]). We do not, however, agree with petitioner's theory that the unauthorized alterations should work to his advantage by preventing dismissal of the original petition. Setting aside for the moment the startling nature of the alterations and the equally remarkable timing of this disclosure, petitioner has not demonstrated that he strictly complied with the service provisions in the original order to show cause, which were identical to those in the altered version. Such provisions are jurisdictional in nature, and failure to comply with each specified requirement results in a lack of personal jurisdiction over a respondent (see Matter of Bruno v Ackerson, 39 NY2d 718, 718-719 [1976]; U.S. Bank N.A. v Feliciano, 103 AD3d 791, 791 [2013]; Matter of Sahler v Callahan, 92 AD2d 976, 977 [1983]; see also People ex rel. Holman v Cunningham, 73 AD3d 1298, 1299 [2010]).

It was petitioner's burden to demonstrate that Supreme Court acquired personal jurisdiction over respondent (see Matter of Theodore T. [Charles T.], 78 AD3d 955, 956 [2012]; Hopkins v

_____

    [5] In addition to petitioner's service of the altered documents as though the amendments were authorized, the captions on the documents that petitioner submitted to Supreme Court in opposition to respondent's motion — including his affirmations — include a designation of respondent in his capacity as Village Justice.

Tinghino, 248 AD2d 794, 795 [1998]), but he failed to submit affidavits of service or any other proof that would satisfy this burden. Although respondent has acknowledged that the faxed documents were timely received at the Town Court, the absence of proof of service makes it impossible to determine whether petitioner timely complied with the overnight mail requirements (see Matter of Rotanelli v Board of Elections of Westchester County, 109 AD3d 562, 563 [2013]). Moreover, it is undisputed that no service of any kind was made on the attorney for the Town, despite the requirement for such service. We reject petitioner's argument that this failure should be excused because the record reveals that the attorney for the Town was aware of the order to show cause and petition. It is well established that actual notice received by other means does not result in jurisdiction upon a failure of service (see Macchia v Russo, 67 NY2d 592, 595 [1986]; Clarke v Smith, 98 AD3d 756, 756 [2012]; Matter of Gerdts v State of New York, 210 AD2d 645, 646 [1994], lv dismissed and denied 85 NY2d 810, 856 [1995]). Further, we find no merit in petitioner's contention that he substantially complied with the service requirements, as "[s]trict compliance with court-directed methods of service is necessary in order for the court to obtain personal jurisdiction over a respondent" (Matter of Keith X. v Kristin Y., 124 AD3d 1056, ___, 2015 NY Slip Op 00429, *2 [2015]; see Bruno v Ackerson, 39 NY2d at 718). Petitioner's failure to comply with the service requirements in the order to show cause resulted in a failure to obtain personal jurisdiction over respondent. Accordingly, Supreme Court properly vacated the judgment and dismissed the combined action and proceeding.

Turning to respondent's appeal, he contends that sanctions should be imposed upon petitioner for frivolous conduct and that petitioner should be directed to reimburse respondent's expenses and counsel fees. Courts are vested with discretion to impose costs and fees for frivolous conduct, and may also impose sanctions (see 22 NYCRR 130-1.1). Conduct is frivolous when it lacks legal merit or cannot be supported by a reasonable argument, is undertaken to harass or injure another or to prolong litigation unduly, or involves false statements of material fact (see 22 NYCRR 130-1.1 [c]).

Respondent asserts that petitioner commenced the instant combined action and proceeding as the culmination of a pattern of harassment targeting respondent that had begun months earlier when — after a disagreement with respondent as to the scope of petitioner's prosecutorial authority — petitioner sought to compel respondent's recusal from all criminal and Vehicle and Traffic Law matters in Columbia County and filed more than 100 motions for respondent's recusal, thus allegedly interfering with the operation of the Town and Village Courts (see People v Chai, 37 Misc 3d 1203[A], 2012 NY Slip Op 51870[U] [Kinderhook Just Ct 2012]; People v Dorato, 37 Misc 3d 1208[A], 2012 NY Slip Op 51940[U] [Kinderhook Just Ct 2012]).  Respondent contends that petitioner's requests for recordings and a transcript stemmed from these efforts and, further, that the proceeding wholly lacks merit as he was providing the transcript of the October Town Court proceedings and had so advised petitioner before the petition was filed.  Respondent notes that petitioner had never previously requested a copy of the October 2012 recording, and that the petition demands a copy of the June 2012 recording although petitioner had not pursued that request after it was denied six months earlier.[6]  Next, he contends that petitioner deliberately timed the filing of the petition immediately before a holiday and chose to use the expedited procedure of filing by order to show cause — rather than a notice of petition with a return date that, by statute, would have been set a minimum of 20 days after the filing date (see CPLR 7804 [c]) — to harass respondent and increase the likelihood that he would default.

Finally, respondent contends that sanctions, costs and counsel fees should be imposed upon petitioner for his conduct in altering the original order to show cause after it had been signed and filed, altering the petition after it had been verified and notarized, and holding the altered documents out thereafter to two Supreme Court Justices and the parties with the apparent intent of misleading them into believing that the

---

[6]  In Supreme Court, UCS supported respondent's position that his denial of the June 2012 recording was consistent with its policies, and supplied documentation of the underlying policies.

amendments were authorized.[7]  In this regard, respondent states that petitioner's actions caused the Village of Kinderhook to believe that respondent, in his capacity as Village Justice, had been properly joined as a party, with the result that the Village assumed part of the cost of respondent's defense, expending approximately $15,000 by the time the briefs were filed. Respondent argues that petitioner took these actions despite his knowledge that the alterations were unauthorized and the Village Justice was not properly a party, thus continuing his allegedly frivolous conduct for an extended period (see 22 NYCRR 130-1.1 [c]).  Respondent further notes that, although petitioner acknowledged his conduct in the course of this appeal, he did so solely to gain a perceived advantage in the litigation.  It certainly bears significant consideration that, as an elected District Attorney, petitioner's apparent involvement here may be deemed to constitute a substantial violation of the Rules of Professional Conduct (compare Matter of Wisla, 291 AD2d 196, 199 [2002]; Matter of Rubenstein, 203 App Div 517, 519-520 [1922]).

Petitioner argues that the sanction request is unjustified, asserting, among other things, that his conduct was not frivolous, that this combined action and proceeding is not without merit in law or conducted for the purpose of harassment, and that respondent's request for sanctions related to the unauthorized alterations is unpreserved, as it was raised for the first time on appeal.  We find no merit whatsoever in this last contention, as this claim could not have been fully preserved because petitioner only first disclosed in his appellate brief that the alterations had occurred.

An application for sanctions is addressed to the court's discretion (see Navin v Mosquera, 30 AD3d 883, 883-884 [2006];

---

[7]  Although not clearly established, it appears upon review that Supreme Court (Doyle, J.) was not advised of the alterations.  The decision that court rendered appears to have been premised upon the original order to show cause and petition; it did not mention the amended documents, did not include a designation of respondent in his capacity as Village Justice, and did not grant any relief related to that capacity.

Matter of Rosenhain, 222 AD2d 745, 746 [1995], lv dismissed 87 NY2d 1053 [1996]).  Here, Supreme Court did not address respondent's request for sanctions, and made no findings in this respect.  Respondent urges that, at a minimum, an award be rendered for reimbursement of the counsel fees and expenses made necessary by petitioner's conduct.[8]  We are sympathetic to this request – in particular as to the counsel fees that have been expended, apparently wholly without any sound legal basis or cause, by the Village of Kinderhook – but, nonetheless, we find the factual record of the circumstances surrounding the alteration of the order to show cause and petition to be incompletely developed.  At oral argument, petitioner requested a hearing on this aspect of respondent's request for sanctions.  A formal hearing is not always required, "depend[ing] upon the nature of the conduct and the circumstances of the case" (22 NYCRR 130-1.1 [d]).  However, given the delayed nature of petitioner's acknowledgment that the documents were altered, the grave and disturbing nature of such conduct, and the lack of factual findings in Supreme Court relative to all of the other circumstances that respondent has alleged constitute a pattern of frivolous and harassing conduct, we conclude that further factual development will be helpful.  Accordingly, we remit the matter of sanctions to Supreme Court for the purpose of conducting a hearing to develop the factual record as to petitioner's conduct and the surrounding circumstances.

        Egan Jr., Lynch and Clark, JJ., concur.

---

    [8]  This Court has the authority to impose sanctions in the first instance, even when asked to do so for the first time on appeal, provided that an express request has afforded notice that such relief would be considered and, thus, provided a reasonable opportunity to be heard on the issue (see Fox v Fox, 309 AD2d 1056, 1058-1059 [2003]; Matter of De Ruzzio v De Ruzzio, 287 AD2d 896, 897 [2001]).

ORDERED that the judgment is modified, on the law, without costs, by remitting the matter to the Supreme Court for further proceedings not inconsistent with this Court's decision, and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court