Cedar Run Homeowners' Assn., Inc. v Adirondack Dev. Group, LLC (2019 NY Slip Op 04528)





Cedar Run Homeowners' Assn., Inc. v Adirondack Dev. Group, LLC


2019 NY Slip Op 04528


Decided on June 6, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 6, 2019

527916

[*1]CEDAR RUN HOMEOWNERS' ASSOCIATION, INC., et al., Respondents,
v
ADIRONDACK DEVELOPMENT GROUP, LLC, Appellant.

Calendar Date: April 30, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ.


Ernstrom & Dreste, LLP, Rochester (Timothy D. Boldt of counsel), for appellant.
Donald Zee, PC, Albany (Andrew Brick of counsel), for respondents.



MEMORANDUM AND ORDER
Clark, J.
Appeal from an order of the Supreme Court (Elliott III, J.), entered May 2, 2018 in Rensselaer County, which denied defendant's motion to dismiss the amended complaint.
In 2010, plaintiffs filed a summons and complaint in the Rensselaer County Clerk's office seeking to recover damages for alleged defects in certain condominium units built by defendant. After being served with an amended complaint in 2018, defendant moved, pursuant to CPLR 3211 (a) (8), to dismiss the amended complaint on the basis that plaintiffs failed to properly serve the summons and original complaint and, thus, Supreme Court did not have personal jurisdiction over it. Supreme Court denied the motion, finding that it had acquired personal jurisdiction over defendant through plaintiffs' service of process upon the Secretary of State. Defendant appeals.
"The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that jurisdiction over the defendant was obtained by proper service of process" (Bankers Trust Co. of Cal v Tsoukas, 303 AD2d 343, 343 [2003] [citation omitted]; accord Pearson v 1296 Pac. St. Assoc., Inc., 67 AD3d 659, 659-660 [2009], lv denied 14 NY3d 705 [2010]). Proof of service, often in the form of an affidavit of service (see CPLR 306 [d]), must include "the papers served, the person who was served and the date, time [and] address [of such service], . . . and set forth facts showing that the service was made by an authorized person and in an authorized manner" (CPLR 306 [a]). Additionally, "[b]ecause service of process is necessary to obtain personal jurisdiction over defendants, courts require strict compliance with the statutory methods of service" (Pierce v Village of Horseheads Police Dept., 107 AD3d 1354, 1355 [2013]). As relevant here, "[s]ervice of process on the secretary of state as agent of a domestic limited liability company . . . shall be made by personally delivering to and leaving with the secretary of state or his or her deputy, or with any person authorized by the secretary of state to receive such service, . . . duplicate copies of such process together with the statutory fee" (Limited Liability Company Law § 303 [a]).
Here, plaintiffs failed to submit an affidavit of service or any other proof that would satisfy their burden of demonstrating that they acquired personal jurisdiction over defendant by, among other things, complying with Limited Liability Company Law § 303 (a) (see generally Matter of Czajka v Dellehunt, 125 AD3d 1177, 1182 [2015]). Although plaintiffs proffered an unsigned receipt of service purportedly generated by the Office of the Secretary of State, that receipt did not set forth the papers served, whether duplicate copies of those papers were delivered to the Secretary of State, the time of service or facts showing that service was made by an authorized person (see Limited Liability Company Law § 303 [a]; CPLR 306 [a], [d]). Accordingly, as plaintiffs failed to carry their burden of establishing proper service, Supreme Court should have granted defendant's motion to dismiss for lack of personal jurisdiction (cf. Matter of Czajka v Dellehunt, 125 AD3d at 1182; Janko Pool Serv. v Berelson, 145 AD2d 897, 898-899 [1988]).
Garry, P.J., Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, motion granted and amended complaint dismissed.