Matter of Robins v Rosa (2024 NY Slip Op 01757)

Matter of Robins v Rosa

2024 NY Slip Op 01757

Decided on March 28, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 28, 2024

CV-23-0088
[*1]In the Matter of Howard Robins, Appellant,
v
Betty Rosa et al., Respondents.

Calendar Date:January 19, 2024

Before:Egan Jr., J.P., Clark, Pritzker, Fisher and Powers, JJ.

Jacques G. Simon Attorney at Law PC, Garden City (Jacques G. Simon of counsel), for appellant.
Letitia James, Attorney General, Albany (Brian Lusignan of counsel), for respondents.

Pritzker, J.
Appeal from a judgment of the Supreme Court (David A. Weinstein, J.), entered December 12, 2022 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motion to dismiss the petition/complaint.
Petitioner is a New York licensed podiatrist who was using ozone therapy to treat patients for a variety of ailments unrelated to the practice of podiatry. When one of petitioner's patients died shortly after treatment, an autopsy was performed by the New York City Office of Chief Medical Examiner (hereinafter OCME), which determined that an intravenous injection of ozone-oxygen gas was the cause of the patient's death and ruled it a homicide due to extreme medical negligence. In February 2020, petitioner commenced a CPLR article 78 proceeding challenging OCME's determination. In a decision entered in April 2022, Supreme Court (Crane, J.) upheld OCME's determination. Petitioner appealed that holding, and the First Department affirmed in January 2023 (see Matter of Robins v New York City Off. of Chief Med. Examiner, 212 AD3d 541, 541-543 [1st Dept 2023], lv denied 39 NY3d 914 [2023]).
In January 2020, upon learning of the death of petitioner's patient, respondent Office of Professional Discipline (hereinafter OPD) of respondent State Education Department initiated an investigation into possible professional misconduct. As petitioner was in the process of challenging OCME's findings, OPD waited until September 2021 to arrange an informal settlement conference with petitioner, which was ultimately scheduled for mid-January 2022. Approximately one week before the conference, petitioner began expressing confusion about the scope of the investigation, insisting that his challenge to OCME's findings would need to be resolved prior to any OPD investigation into his professional misconduct. Thereafter, in April 2022, petitioner commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment seeking, among other things, to prohibit OPD from using OCME's findings to prosecute petitioner for professional misconduct. Respondents cross-moved to change venue to Albany County pursuant to CPLR 511, which motion was granted. After venue was transferred, respondents moved pre-answer to dismiss the petition/complaint for, among other things, lack of personal jurisdiction (see CPLR 3211 [a] [8]). Supreme Court (Weinstein, J.) granted the motion to dismiss, finding, among other things, that petitioner's failure to properly serve the order to show cause left the court without personal jurisdiction over respondents. Petitioner appeals.
As relevant here, "[s]trict compliance with court-directed methods of service is necessary in order for the court to obtain personal jurisdiction over a respondent/defendant" (Matter of Keith X. v Kristin Y., 124 AD3d 1056, 1057 [3d Dept 2015], lv denied 25 NY3d 907 [2015]; accord Matter of Czajka v Dellehunt, 125 AD3d 1177, 1182 [3d [*2]Dept 2015]). Here, in an order to show cause dated April 25, 2022, Supreme Court (Frank, J.) directed petitioner to serve papers upon OPD and respondent Dennis Spillane via overnight courier at 1411 Broadway, 10th Floor, New York, NY and to serve the remaining respondents at 442 E. Houston St., New York, NY. Despite the court's directive, petitioner served the order to show cause and his supporting papers upon OPD and Spillane — where they were actually received — at 163 West 125th St., Suite 302, New York, NY and upon the remaining respondents at 88 Washington Ave., Albany, NY.[FN1] In its affidavits of service, petitioner's process server conceded that an address different than that provided in the order to show cause was used to serve respondents because it had been determined that different addresses were correct.
Supreme Court (Weinstein, J.) correctly found that petitioner failed to follow the directives articulated in the order to show cause, and that the court had therefore been deprived of personal jurisdiction over respondents (see Matter of Czajka v Dellehunt, 125 AD3d at 1182; Matter of Keith X. v Kristin Y., 124 AD3d at 1058). Neither the fact that respondents actually received notice nor the fact that petitioner complied with the order's method of service — i.e., overnight courier — are of any moment because failure to strictly comply with the service directives in an order to show cause is a jurisdictional defect (see Macchia v Russo, 67 NY2d 592, 595 [1986]; Matter of Czajka v Dellehunt, 125 AD3d at 1182). Thus, Supreme Court did not err in granting respondents' motion to dismiss on this ground. In light of this determination, we need not address petitioner's remaining contentions.
Egan Jr., J.P., Clark, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Upon receipt of the papers, respondents successfully transferred venue to Albany County and moved to dismiss the petition. In his opposition papers to respondents' motion to dismiss, petitioner argued that respondents had conceded personal jurisdiction by moving to change venue. As petitioner does not raise this issue on appeal, it has been abandoned (see O'Keefe v Barra, 215 AD3d 1039, 1041 n [3d Dept 2023], lv denied 40 NY3d 908 [2023]).