Matter of Gross v Zoning Bd. of Appeals of the Vil. of Warwick (2024 NY Slip Op 06568)

Matter of Gross v Zoning Bd. of Appeals of the Vil. of Warwick

2024 NY Slip Op 06568

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2022-07159
 (Index No. 2417/22)

[*1]In the Matter of Stephen M. Gross, appellant,
v
Zoning Board of Appeals of the Village of Warwick, et al., respondents.

Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino and Lisa Colosi Florio of counsel), for appellant.
Drake Loeb PLLC, New Windsor, NY (Michael J. Barfield of counsel), for respondents Zoning Board of Appeals of the Village of Warwick and Boris Rudzinski, as Building Inspector of the Village of Warwick.
The Law Office of Elizabeth K. Cassidy PLLC, Warwick, NY, for respondents Manfred Altstadt and Elaine Altstadt.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent Zoning Board of Appeals of the Village of Warwick dated March 22, 2022, which, after a hearing, upheld the issuance of a building permit by the respondent Boris Rudzinski, as Building Inspector of the Village of Warwick, to the respondent Manfred Altstadt, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated August 29, 2022. The order and judgment granted the separate motions of the respondents Zoning Board of Appeals of the Village of Warwick and Boris Rudzinski, as Building Inspector of the Village of Warwick, and the respondents Manfred Altstadt and Elaine Altstadt pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition and the amended petition insofar as asserted against each of them and, in effect, dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with one bill of costs.
The petitioner in this proceeding pursuant to CPLR article 78 sought, inter alia, to annul a determination of the respondent Zoning Board of Appeals of the Village of Warwick (hereinafter the ZBA) upholding the issuance of a building permit to the respondent Manfred Altstadt to construct a house on property that he and the respondent Elaine Altstadt (hereinafter together the Altstadts) owned, on the ground that the building permit was illegally issued in violation of the Code of the Village of Warwick. The ZBA and the respondent Boris Rudzinski, as Building Inspector of the Village of Warwick (hereinafter together the Village respondents), moved, and the Altstadts separately moved, pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition, which only named Manfred Altstadt and the Village respondents as respondents, and the amended petition, which named the Altstadts and the Village respondents as respondents, insofar as asserted against each of them. The Village respondents argued, among other things, that the petition failed to name all necessary parties, that the amended petition was a nullity because it was filed and purportedly served [*2]without leave of the Supreme Court, and that the amended petition was time-barred. The Altstadts argued, inter alia, that personal jurisdiction over them was lacking due to improper service of process and that the applicable statute of limitations had expired. The court granted the motions and, in effect, dismissed the proceeding. The petitioner appeals.
The Supreme Court properly granted the Altstadts' motion to dismiss the petition and the amended petition insofar as asserted against them, as the petitioner failed to demonstrate that the Altstadts were properly served. The burden of proving that personal jurisdiction was acquired over the Altstadts rested with the petitioner (see Wells Fargo Bank, N.A. v Decesare, 154 AD3d 717, 717). The petitioner failed to meet his burden of showing that personal jurisdiction was obtained over the Altstadts by proper service of process of the petition or the amended petition (see Bushell v City of New York, 172 AD3d 1156; see also Zheleznyak v Gordon & Gordon, P.C., 175 AD3d 1360, 1361; cf. HSBC Bank USA, N.A. v Cupid, 210 AD3d 874, 876). Failure to serve process leaves the court without personal jurisdiction over the Altstadts, and all subsequent proceedings are rendered null and void as to them (see Mortgage Elec. Registration Sys., Inc. v Congregation Shoneh Halochos, 189 AD3d 820).
The Supreme Court also properly granted the motion of the Village respondents to dismiss the petition and the amended petition insofar as asserted against them. The Altstadts are necessary parties to this proceeding, as they are the owners of the property that was the subject of the building permit challenged by the petitioner (see CPLR 1001[a]; Matter of Red Hook/Gowanus Chamber of Commerce v New York City Bd. of Stds. & Appeals, 5 NY3d 452, 457; Matter of Karmel v White Plains Common Council, 284 AD2d 464, 465; Matter of Save Our-Open Space v Planning Bd. of Vil. of S. Nyack, 256 AD2d 581, 582). The court correctly determined that the amended petition, which purported to add Elaine Altstadt as a new respondent without leave of the court, was a nullity (see CPLR 401; Matter of Barrett v Dutchess County Legislature, 38 AD3d 651, 653; see also Matter of Czajka v Dellehunt, 125 AD3d 1177, 1181). The court also properly granted dismissal of the original petition for failure to timely join the Altstadts as necessary parties (see CPLR 1003). Under the circumstances of this case, where the Altstadts had already demonstrated their entitlement to dismissal due to lack of personal jurisdiction and further demonstrated that the time within which to commence a new proceeding against them had expired, an order directing that the Altstadts be joined as respondents (see id. § 1001[b]) would not have been an appropriate remedy (see Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d 725, 727; Matter of Sullivan County Patrolmen's Benevolent Assn., Inc. v New York State Pub. Empl. Relations Bd., 179 AD3d 1270, 1272; Matter of Greens at Half Hollow, LLC v Suffolk County Dept. of Pub. Works, 147 AD3d 942, 944).
Accordingly, the Supreme Court properly granted the separate motions of the Village respondents and the Altstadts, and properly, in effect, dismissed the proceeding.
The parties' remaining contentions either rely upon matters outside the record, which have not been considered, or need not be reached in light of our determination.
BARROS, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court